George F. Carpinello, Esq.
Adam R. Shaw, Esq.
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street
Albany, NY  12207
(518) 434-0600

Charles Juntikka, Esq.
CHARLES JUNTIKKA & ASSOCIATES LLP
1250 Broadway, 24th Floor
New York, NY  10001
(212) 315-3755

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ORINN S. ANDERSON, <br><br>    Debtor, | |
| ORINN S. ANDERSON, A/K/A ORINN ANDERSON, A/K/A ORINN SCOTT ANDERSON, <br><br>    Debtor and Plaintiff on behalf of himself and all others similarly situated, <br><br>  v. <br><br>CREDIT ONE BANK, N.A. AND CREDIT ONE FINANCIAL, <br><br>    Defendants. | Chapter 7 <br><br> Case No. 14-22147 (RDD) <br><br> Adv. Proc. No. 15-08214 (RDD) |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTIONS TO COMPEL ARBITRATION,**
**TO STRIKE CLASS ALLEGATIONS, TO DISMISS OR STAY THE ACTION**

Plaintiff Orinn S. Anderson, individually and on behalf of all others similarly situated, ("Plantiff") respectfully submits this memorandum of law in opposition to the motion of Defendants Credit One Bank, N.A. ("COB") and Credit One Financial ("COF") (collectively "Credit One" or "Defendants") to compel arbitration, strike the class allegations, and dismiss or stay the action. For the reasons set forth below, Defendants' motion should be denied.

## PRELIMINARY STATEMENT

This case is about whether Defendants violated discharge injunctions by willfully attempting to collect discharged debts. As laid out in the Complaint, Defendants laid a trap for Plaintiffs and similarly situated individuals by willfully pursuing a policy of refusing to update consumer credit reporting information to report that debts have been discharged in bankruptcy. Credit One's policy of refusing to update consumer tradelines impacts consumers' access to credit and in some cases employment, and is designed to pressure consumers to repay discharged debts. By willfully creating this policy of refusing to update consumer tradelines in order to collect discharged debts, Credit One violates the discharge injunction established in § 524 of the Bankruptcy Code.

In their motion, Defendants raise several issues that have already been addressed and rejected by this Court. First, Defendants argue that Plaintiffs' claims are subject to an arbitration agreement contained in the credit agreement and that, pursuant to the Federal Arbitration Act, the Court must dismiss the action so that they may pursue arbitration. However, as the Court has previously found, the FAA inherently conflicts with the enforcement of a debtor's discharge injunction under the Bankruptcy Code.

1

Second, Defendants claim that the class allegations should be dismissed, because they are prohibited by the arbitration clause of the credit agreement. Since the claims at issue in this case are not subject to the arbitration agreement, the class allegations should not be stricken.

Third, Defendants assert that the Court lacks subject matter jurisdiction to hear adversary actions for violations of the discharge injunction, claiming instead that violations of the discharge injunction must be brought as motions. This Court has addressed this issue several times, most recently in denying Bank of America's motion to dismiss in *Echevarria v. Bank of America*.

Fourth, Defendants argue that Plaintiff fails to state a claim, because Defendants' credit reporting was accurate at the time it was made. This exact argument was raised by Bank of America in its motion to dismiss in *Echevarria* and was rejected by this Court.

Fifth, Defendants claim that the Court does not have subject matter jurisdiction to enter declaratory or injunctive relief. This is clearly contradicted by § 105(a) which provides the Court the authority to enter all orders necessary for carrying out the purposes of the Bankruptcy Code.

Sixth, Defendants request a stay of the action to allow the Second Circuit to rule on Defendants' arbitration claims in *Bruce* and *Belton*. This Court has made it clear that it will not grant such a stay unless Credit One is willing to delete all the disputed tradelines pending the appeal.

Seventh, Defendants claim that some of the claims herein are barred by the statute of limitations contained in 28 U.S.C. § 1658(a). That section does not apply because the claims herein are not claims based on a federal statute, but claims to hold Defendants in contempt for violation of the discharge injunction. Thus, no statute of limitations applies. Moreover, §

2

1658(a) by its terms applies only to claims arising out of acts of Congress created after 1990, the year § 1658(a) was enacted. Section 524(a)(2) has existed in the Act since at least the 1978 enactment of the Bankruptcy Reform Act.

Finally, Defendants argue that Credit One Financial is entitled to dismissal, because Plaintiff did not seek leave from the Court before including Credit One Financial as a defendant in the complaint. Actually, Plaintiff's original Notice of Motion, served on Defendants, specifically sought leave to bring a claim against both Credit One Bank and Credit One Financial, but Credit One Financial's name was inadvertently left off the Amended Notice of Motion. Plaintiff asks the Court to resolve this technical issue by construing the motion to bring a claim against Credit One Financial *nunc pro tunc*.

In their letter dated April 14, 2014, Plaintiff's counsel asked Credit One's counsel to withdraw its Motion to Dismiss because all the substantive claims had already been ruled on by this Court and pursuing them here would be frivolous in violation of Rule 11. *See* Exhibit A to Carpinello Decl. Credit One's counsel refused to do so. *See* Exhibit B to Carpinello Decl.

**STATEMENT OF FACTS**

Credit One attempts to collect discharged consumer debts by refusing, as a policy, to correct credit reporting to reflect that the debts were discharged in bankruptcy. Am. Compl. ¶ 55. Defendants know that maintaining negative credit reporting despite bankruptcy discharges will pressure consumers to repay discharged debt in order to have the negative credit reporting removed from their credit reports. Am. Compl. ¶¶ 58-59. Defendants' policy increases the value of the debt when Defendants sell it to third parties. Am. Compl. ¶ 63. Defendants have a financial interest in recovering sold debt that was discharged in bankruptcy since they are entitled under their contracts with third party debt buyers to retain a percentage of the amounts

3

recovered by Defendants.  Am. Compl. ¶ 31.  Furthermore, Defendants have agreed to act as agents for these third party debt buyers by forwarding payments received from consumers.  Am. Compl. ¶¶ 30, 64.

Defendants' refusal to update credit reports for discharged debt is both willful and with knowledge that the debt is discharged.  Defendants have knowledge of the discharges because they receive notices from the bankruptcy courts, and they in fact received such notice for Plaintiff's debt.  Am. Compl. ¶¶ 41-43.  Defendants willfully refuse requests by consumers to update credit report tradelines and willfully created a policy of refusing to do so.  Am. Compl. ¶¶ 51-55.

Plaintiff Orinn Anderson incurred a debt with the Defendants sometime before July 2011.  Am. Compl. ¶ 19.  The debt became delinquent in July 2011 and Credit One filed credit information with the credit reporting agencies noting that the debt was delinquent, eventually noting that the debt was "charged off."  Am. Compl. ¶¶ 20-21.  Anderson sought relief in bankruptcy, filing a petition under Chapter 7 and ultimately receiving a discharge in May 2014.  Am. Compl. ¶¶ 22-23.  The Court notified Defendants of Plaintiff's discharge on May 8, 2014.  Am. Comp. ¶ 24.  More than three months later, Anderson discovered that his Trans Union and Equifax credit reports still indicated that the discharged debt was "charged off," not discharged in bankruptcy.  Am. Compl. ¶ 25.  On September 22, 2014, Plaintiff contacted Defendants to notify them that the debt had been discharged in bankruptcy and to request that they update his credit report.  Am. Comp. ¶ 27.  Defendants refused to do so and took no action.  Am. Compl. ¶¶ 26-27.  Plaintiff's credit report continues to show the debt as charged off rather than included in his bankruptcy discharge.  Am. Compl. ¶ 28.

4

At some point, Defendants sold Plaintiff's debt to a third party. Am. Compl. ¶ 29. However, no third party has reported on Plaintiff's debt. Am. Compl. ¶ 33. Accordingly, the debt appears as charged off in Defendants' name. *Id*. Defendants are aware that only they can update Plaintiff's tradeline to accurately reflect that the debt was discharged in bankruptcy, but in accordance with their policy, they continue to refuse to do so. Am. Compl. ¶ 35. Defendants have a financial interest in collecting Plaintiff's debt as they retain a percentage of any amount collected. Am. Compl. ¶ 31. Defendants also act as the debt buyer's agent by agreeing to forward amounts recovered to the debt buyer. Am. Compl. ¶ 30. Defendants further benefit maintaining inaccurate credit reporting by selling delinquent debts at higher prices since debt purchasers know they can collect on those debts if the reporting is not updated. Am. Compl. ¶ 32. Defendants thus willfully established a policy of refusing to update consumer tradelines and, in doing so, have adversely affected Plaintff Anderson by denying him the fresh start provided by the Bankruptcy Code. Am. Compl. ¶ 36.

## ARGUMENT

**I.    Defendants Are Not Entitled to an Order Compelling Arbitration Under the Federal Arbitration Act.**

**A.    The Federal Arbitration Act Inherently Conflicts With the Bankruptcy Code, and Claims for Enforcing the Discharge Injunction Are Non-Arbitrable.**

Defendants assert that they are entitled to an order dismissing the action and compelling arbitration, because their credit card agreement contained an arbitration clause, Plaintiff agreed to the arbitration clause, and the claim is within the scope of the arbitration clause. This Court previously analyzed the issue in its thorough memorandum in *In re Belton*, Adv. Proc. No. 14–08223, Dkt. 79-1, 2014 WL 5819586 (Nov. 10, 2014), and on very similar facts refused to compel arbitration. Defendants here provide no reason for the Court to reconsider its position in *Belton*. As the Court said in *Belton*:

5

> Thus, although both the *MBNA* and *Nat'l Gypsum* cases hold that the mere fact that an issue before the Court is "core" under 28 U.S.C. § 157(b) will not compel the denial of a motion under section 3 of the FAA, requiring, instead, a case-by-case analysis of whether the issue is so fundamental to the Bankruptcy Code and its policies that it inherently conflicts with the FAA, they recognize that nothing is more fundamental to the adjustment of debtor/creditor relations than the discharge, an event that is not derived from the parties' prebankruptcy conduct but, rather, is the bankruptcy case's culminating event. Given that Congress established the bankruptcy courts for this fundamental purpose, under the logic of the foregoing cases [Plaintiff] should have to prove nothing more in order to defeat [Defendants'] motion to compel arbitration.

2014 WL 5819586, at *9. Defendants' policy of refusing to update credit reports endangers the fresh start afforded by the bankruptcy discharge, and that fresh start is the fundamental purpose of the Bankruptcy Code. Accordingly, this Court has the authority to refuse to compel arbitration and Defendants' motion should be denied. The Court's memorandum in *Belton* was correct and Defendants cite no controlling authority compelling reconsideration of these issues.

### B. The Class Allegations Should Not Be Stricken.

Defendants argue the class allegations are "non-core" and should be stricken because the allegations do not relate to the debtor's estate or have an effect on the administration of the estate. The Court previously addressed this argument in *In re Haynes*, Adv. Proc. No. 11-23212 (RDD), Dkt. 63, 2014 WL 3608891, at *6-*7 (Bankr. S.D.N.Y. July 22, 2014). The Court has jurisdiction under 28 U.S.C. 1334(b) to hear claims arising under Title 11. *Id*. Claims for violations of the discharge injunction are core matters under 28 U.S.C. § 157(b)(2)(O) as proceedings affecting the adjustment of the debtor/creditor relationship. *Id*. As core matters arising under title 11, this Court has the authority to hear a nationwide class action against Defendants for violations of the discharge injunction. *Id.* at *9. Defendants cite no controlling authority that would require the Court to reconsider its previous rulings on this issue.

6

Defendants also argue that Plaintiff's class claims should be stricken because they are prohibited by the arbitration agreement. Since the Court has refused to allow arbitration of these core claims, the class allegations should not be stricken.

### C. Plaintiff's Claims Do Not Derive from the Fair Credit Reporting Act.

Defendants argue that Plaintiff's claims should be sent to arbitration, because the claims derive from the Fair Credit Reporting Act. This is simply incorrect. Plaintiff asserts claims for violation of the discharge injunction in § 524 of the Bankruptcy Code, not under the FCRA. As the District Court recently stated:

> Plaintiffs do not assert claims under the FCRA; rather, they allege defendants violated the discharge injunction. To prove their claims, plaintiffs need only show defendants attempted to collect debts by not informing credit reporting agencies those debts had been discharged. *See In re McKenzie–Gilyard,* 388 B.R. 474, 480–81 (Bankr.E.D.N.Y.2007); 4 COLLIER ON BANKRUPTCY, ¶ 524.02[2][b] (16th ed.2014) (discharge injunction "bars any act to collect a discharged debt.... The failure to update a credit report to show that a debt has been discharged is [therefore] a violation of the discharge injunction if shown to be an attempt to collect the debt."). Plaintiffs do *not* need to prove defendants failed to comply with the FCRA. *In re Torres,* 367 B.R. 478, 489 (Bankr.S.D .N.Y.2007) ("[N]oncompliance with the FCRA is not necessary for the plaintiffs to state a claim under Bankruptcy Code section 524(a).").

*In re Haynes*, No. 14 CV 1474 VB, 2015 WL 862061, at *2 (S.D.N.Y. Mar. 2, 2015) (emphasis in original).

### II. Defendants Are Not Entitled to an Order Dismissing the Action Pursuant to 12(b)(1) or 12(b)(6).

Defendants argue that Plaintiff must proceed by motion in a contested matter and that the Plaintiff fails to state a claim because Defendants' credit reporting was historically accurate. The Court has previously addressed both these arguments.

### A. The Court Has Subject Matter Jurisdiction to Hear Adversary Proceedings for Violations of the Discharge Injunction.

#### 1. The Adversary Proceeding Is Procedurally Proper.

This Court previously addressed Defendants' argument that Plaintiff should proceed by motion in *In re Echevarria*, Adv. Pro. No. 14-08216 (RDD), Dkt. 36 at 39-40 (Bankr. S.D.N.Y. August 28, 2014). As laid out by the Court, a plaintiff asserting violations of the discharge injunction may file an adversary proceeding or a motion for contempt. An adversary proceeding provides additional procedural protections to Defendants and is for their benefit. *Id*; *In re Kalikow*, 602 F.3d 82, 93-94 (2d. Cir. 2010). *See also Echevarria*, Adv. Proc. No. 14-08224, Dkt. 80 at 40-41. Defendants offer no controlling authority compelling the Court to reconsider its previous ruling.

### 2.    Plaintiff Has a Right to Enforce the Discharge Injunction.

This Court has previously addressed Defendants' argument regarding a private right of action for violations of the discharge injunction in *Haynes v. Chase Bank, N.A. (In re Haynes)*, 2014 WL 3608891, at *7, (Bankr. S.D.N.Y. July 22, 2014) where the Court said it has jurisdiction under § 105 to enforce a contempt violation of §§ 524 and 727. *See also Torres v. Chase Bank USA, N.A. (In re Torres),* 367 B.R. 478, 490-91 (Bankr. S.D.N.Y. 2007) (holding that this Court has jurisdiction to award damages for violation of the § 524 discharge order as a sanction for civil contempt); *Russell v. Chase Bank USA, N.A. (In re Russell)*, 378 B.R. 735, 743-744 (Bankr. S.D.N.Y. 2007) (same); *In re Nassoko*, 405 B.R. 515, 520 (Bankr. S.D.N.Y. 2009) (same).

### B.    Plaintiff States a Claim for Violations of the Discharge Injunction.

Defendants next argue that their credit reporting is not "outdated" because it was accurate at the time it was made. Defendants even quote *Torres* for the proposition that "false or outdated reporting to credit reporting agencies, even without additional collection activity, can constitute an act to extract payment of a debt in violation of section 524(a)(2)." 378 B.R. at 486. *Torres*

8

and *Haynes*, stand for propositions directly opposite to those Defendant's cite them for; namely, that a refusal to update a credit report can be an act to collect a debt in violation of a debtor's discharge order. *Id.* at 484; *Haynes*, 2014 WL 3608891 at *5.

Defendants, however, go further to argue that if Congress had intended creditors to update credit reports, express language would appear in the Bankruptcy Code. This is absurd and contrary to the design of the discharge injunction. As the Court stated in *Haynes*,

> Section 524(a) of the Bankruptcy Code, as a matter of drafting and Congressional intent, is intended to be read broadly, given Congress' purpose, evident from the face of the statute as well as its legislative history—including not only the legislative history of the specific provision, but also its evolution from the Bankruptcy Act of 1898—that Section 524(a) give as complete effect as possible to the discharge under Section 727 of the Code.

2014 WL 3608891 at *3; *see also Torres*, 367 B.R. at 484-485 (noting that legislative history of 524(a)(2) supports a broad reading of the injunction and quoting the House and Senate Reports.)

Defendants also argue that Plaintiff has not stated a claim, because "[s]tating the balance on the account is zero is synonymous with stating the debtor owes nothing on the account, which is the penultimate effect of the discharge." Def. Mot., Dkt. 7 at 29. Defendants are simply wrong and this Court has so ruled. *Torres*, 367 B.R. at 487; *In re Odenthal*, Adv. Proc. No. 11-23747 (RDD), Dkt. 30, 51 (Bankr. S.D.N.Y. April 19, 2013) (stating "[a] debt that is listed as zero balance charged off is still due and owing, it can be collected, and so therefore anyone reviewing the report knows that the debtor is still at risk of having the creditor come after it.") Such a designation is clearly derogatory and coerces debtors to pay discharged debts to get in the derogatory information off their credit reports.

        **C.**     **The Court Can Enter Declaratory and Injunctive Relief for the Plaintiff.**

Defendants argue that the Court cannot enter declaratory or injunctive relief for Defendants' violations of the discharge injunction. First, although Defendants assert in a

9

heading of their brief that the Court lacks subject matter jurisdiction to enter declaratory relief for violations of the discharge injunction, Defendants offer no argument on this point. Second, it is clear from the Court's prior analysis in *Haynes*, that § 105(a) provides the Court the authority to enter equitable remedies for violations of the discharge injunction. 2014 WL 3608891 at *9 (stating "[w]hereas Section 105(a) of the Code is not a license for the Court to exercise general equity powers except in furtherance of specific provisions of the Bankruptcy Code, here there are such specific provisions, Sections 524(a)(2) and 727, for which Section 105(a) provides the Court with enforcement power.") Additionally, this Court may enter sanctions against the Defendants in order to compel them to comply with the discharge injunction. *In re Torres*, 378 B.R. 478, 490 (Bankr. S.D.N.Y. 2007). Thus, the Court may issue an injunction compelling compliance with the discharge injunction and may order sanctions for failing to comply with the discharge injunction.

### III.    This Action Should Not Be Stayed.

Defendants request a stay pending the outcome of the appeals in *Bruce* and *Belton*. Although the Court may enter a stay pending appellate resolution of issues in the case, a stay is not necessary in this instance. This case is at a very early stage and the Court should permit the parties to proceed with discovery. As the Court is aware, the Trustee has entered the case and requested discovery from the Defendants. Allowing Plaintiff to take discovery of Defendants would impose no substantial burden on Defendants.

However, Plaintiff is willing to consent to a stay on the same conditions imposed in the related cases, namely that Credit One agrees to delete or suppress the tradelines for the putative class from May 2007 forward during the pendency of the appeals and any possible re-insertion of said tradelines will be strictly prohibited unless approved by the Court.

IV. **Plaintiff's Claims Are Not Subject to the Statute of Limitations in 28 U.S.C. § 1658(a).**

Defendants assert that Plaintiff's claims are subject to a four year statute of limitations in 28 U.S.C. § 1658(a). This is incorrect. By its own terms, 28 U.S.C. § 1658(a) only imposes limitations on causes of actions arising under Acts of Congress enacted after § 1658(a)'s enactment in 1990. The discharge injunction was originally enacted by Congress in 1978. Pub. L. No. 95-598, 92 Stat. 2592 (Nov. 6 1978). Therefore, § 1658(a) does not apply to claims for violations of the discharge injunction.

Furthermore, Plaintiff's claims are for contempt of the discharge injunction. Claims for contempt are equitable in nature and not subject to statutes of limitations. *Brennan v. Nassau County*, 352 F. 3d 60, 63-64 (2d. Cir. 2006) (finding motion for contempt was not subject to statute of limitations); *Reich v. Sea Sprite Boat Co.*, 50 F.3d 413, 417 (7th Cir. 1995) (stating "no statute of limitations applies to civil contempt proceedings"); Cf. *Laboy v. Firstbank Puerto Rico (In re Laboy)*, 2010 WL 427780 at *2,*8 (Bankr. D.P.R. 2010) (stating § 524(a) "does not have a statute of limitations for violations of the discharge injunction" and finding claims not barred by laches.)

V. **Credit One Financial Should Not Be Dismissed.**

Defendants argue that Credit One Financial was not properly joined in the suit, because the Plaintiff's motion to reopen and the Court's order reopening the case only referred to the Credit One Bank. That is not entirely correct: Credit One Financial was specifically named in the original Notice of Motion served on October 17, 2014. *See* Exhibit C to Carpinello Decl. Credit One Financial was inadvertently omitted from the Amended Notice of Motion served on October 20, 2014. *See* Exhibit D to Carpinello Decl. For this reason, the Order re-opening the proceeding named only Credit One Bank. Plaintiff respectfully asks the Court to amend its order

11

reopening the case to include Credit One Financial in addition to Credit One Bank. Although Credit One Bank is named as the holder of the Plaintiff's debt, it is not clear which entity's employees are responsible for Credit One's policy refusing to correct debtors' credit information. Additional discovery will be necessary to determine that issue. Until that discovery occurs, Credit One Financial should not be dismissed from the case.

## CONCLUSION

For the foregoing reasons, Credit One's motions to compel arbitration, strike the class allegations, and dismiss or stay should be denied in their entirety.

Date:   April 28, 2015                By:    /s/ George F. Carpinello
                                      **BOIES, SCHILLER & FLEXNER LLP**
                                      George F. Carpinello
                                      Adam R. Shaw
                                      30 South Pearl Street
                                      Albany, NY 12207
                                      (518) 434-0600

                                      **CHARLES JUNTIKKA & ASSOCIATES LLP**
                                      Charles Juntikka
                                      1250 Broadway, 24th Floor
                                      New York, NY  10001
                                      (212) 315-3755

                                      *Attorneys for Plaintiff Orinn S. Anderson*