# Exhibit H

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>ORINN S. ANDERSON<br>         Debtor. | Chapter 11<br><br>Case No. 14-22147 (RDD) |
| ORINN S. ANDERSON, A/K/A ORINN ANDERSON, A/K/A ORINN SCOTT ANDERSON<br>         Plaintiff,<br>-against-<br><br>CREDIT ONE BANK, N.A. AND CREDIT ONE FINANCIAL<br>         Defendants. | Adv. Pro. No. 15-08214 (RDD)<br><br>**THIRD PARTY SHERMAN FINANCIAL GROUP, LLC'S RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS** |

Third Party, Sherman Financial Group, LLC ("Sherman"), by its attorneys, Blank Rome LLP, for its response to the Subpoena to Produce Documents, Information, or Objects ("Document Requests") of Plaintiff, Orinn S. Anderson ("Anderson"), hereby responds and objects as follows:

## GENERAL OBJECTIONS

1. Sherman objects to the Document Requests to the extent they call for documents or information not in its possession, custody or control, or for documents or information that are in Sherman's possession, custody or control and in the public domain, and are thus equally available to Anderson.

2. Sherman objects to the Document Requests to the extent that they seek information that: (a) was prepared for or in anticipation of litigation, constitutes attorneys' work product,

contains attorney-client communications, or is otherwise privileged or relates to trial preparation materials; or (b) contains confidential, proprietary, or trade secret information.

3. Sherman objects to each Document Request to the extent that it is vague, ambiguous, overly broad, and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence or may otherwise be construed to require documents beyond those required by the Federal Rules of Civil Procedure, or calls for information which is more appropriately obtained by deposition.

4. These responses are made without in any way waiving or intending to waive, but specifically intending to reserve and reserving: (1) all objections as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this action, of any of the documents or information or their subject matter; (2) the right to object to the use of any of the documents or information, or their subject matter, in any subsequent proceeding in, or the trial of, this action, on any ground; (3) the right to object on any ground at any time to a demand for further responses to these or other subpoenas or other discovery procedures involving or relating to the subject matter of the documents or information produced; and (4) the right at any time to revise, correct, add to or clarify any of the responses herein.

5. Subject to the foregoing General Objections, which are incorporated into each response below, whether repeated for emphasis, and the following specific objections, Sherman objects and responds to each of Anderson's Document Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1

Documents concerning policies for determining that consumer debts have been discharged in bankruptcy.

**Response to Request No. 1.**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 2**

Documents concerning the purchase or transfer of consumer debts from Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC including all contracts for the purchase of consumer debts.

**Response to Request No. 2.**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Sherman further objects to this request as it seeks information not within its possession or control.

Subject to these objections and the General Objections Sherman states that it has no responsive documents.

**Request No. 3**

Documents concerning the collection or receipt of money paid on consumer debts that have been purchased or sold by You.

**Response to Request No. 3.**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not purchase or sell consumer debts and has no responsive documents.

**Request No. 4**

Documents concerning Your relationship with buyers and sellers of consumer debt after the sale occurs.

**Response to Request No. 4.**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not purchase or sell consumer debts and has no responsive documents.

**Request No. 5**

Documents concerning Your identification of consumer debts that are subject to pending bankruptcy proceedings or have been discharged in bankruptcy.

**Response to Request No. 5**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 6**

Documents concerning policies for reporting to consumer reporting agencies about consumer debts, including about consumer debts that have been discharged in bankruptcy.

### Response to Request No. 6

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not furnish information to credit reporting agencies and has no responsive documents.

### Request No. 7

Documents concerning policies for contacting delinquent consumers about their debts.

### Response to Request No. 7

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not contact consumers and has no responsive documents.

### Request No. 8

Documents concerning policies for determining whether to identify a consumer debt as "charged off," "past due" or "$0 balance."

### Response to Request No. 8

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

### Request No. 9

Documents concerning how to respond to inquiries of credit reporting agencies concerning consumer debt, and the policies for such actions.

**Response to Request No. 9**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman neither furnishes information to credit reporting agencies, nor receives inquiries from credit reporting agencies concerning consumer debt and has no responsive documents.

**Request No. 10**

Documents concerning what to do with communications received or sent to U.S. Bankruptcy Courts concerning consumer debt.

**Response to Request No. 10**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 11**

Documents concerning Your responsibilities under consumer debt collections and reporting laws concerning the reporting of and collection of consumer debts that have been discharged in bankruptcy.

**Response to Request No. 11**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman neither furnishes information to credit reporting agencies, nor collects on consumer debts and has no responsive documents.

**Request No. 12**

Documents concerning how to update or change the status of consumer debts reported to credit reporting agencies, and the policies for such actions.

**Response to Request No. 12**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 13**

Documents concerning how to update or change the status of consumer debts in response to customer inquiries or inquiries received from credit reporting agencies, and the policies for such actions.

**Response to Request No. 13**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman neither receives customer nor credit reporting agency inquiries and has no responsive documents.

**Request No. 14**

Documents concerning how to identify consumer debts about which you will furnish information to the credit reporting agencies, and the policies for such actions.

**Response to Request No. 14**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not furnish information to credit reporting agencies and has no responsive documents.

**Request No. 15**

Documents concerning how to identify consumer debts that have been discharged in bankruptcy, and the policies for such actions.

**Response to Request No. 15**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 16**

Documents concerning consumer debts that have been discharged in bankruptcy and have been reported to credit reporting agencies as "charged off" or "past due" or with a similar delinquent notation.

**Response to Request No. 16**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 17**

Documents showing the amount of consumer debt purchased or transferred from Defendant, You, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC since May 3, 2007 and the amount paid for such debt.

**Response to Request No. 17**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Sherman further objects to this Request to the extent that it seeks information not within its custody or control.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 18**

Documents concerning policies for communicating with Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC about consumer debts purchased from Defendant, You, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC that have been discharged in bankruptcy.

**Response to Request No. 18**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.  Sherman further objects to this Request to the extent that it seeks information not within its custody or control.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 19**

Documents concerning how to delete consumer debts from credit reports, and the policies for such action.

**Response to Request No. 19**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not furnish information to credit reporting agencies and has no responsive documents.

**Request No. 20**

Documents concerning the policy for purchasing debts that are discharged in bankruptcy.

**Response to Request No. 20**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not purchase debts that are discharged in bankruptcy and has no responsive documents.

**Request No. 21**

Communications with sellers of consumer debt including, but not limited to, Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC regarding Your practice of reporting bankruptcy discharges to credit reporting agencies.

**Response to Request No. 21**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Sherman further objects to this request to the extent that it seeks information not within its custody or control.

Subject to these objections and the General Objections, Sherman does not furnish information to credit reporting agencies and has no responsive documents.

**Request No. 22**

Documents concerning the terms on which You purchase, transfer, or sell consumer debts, including but not limited to consumer debts that have been discharged in bankruptcy.

**Response to Request No. 22**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman states that it has no responsive documents.

**Request No. 23**

Documents sufficient to show all individuals whose consumer debts to Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC were sold to You and whose debt to Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC has been discharged in bankruptcy on or after May 3, 2007 and whether Defendant, You, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC, have reported the discharge to the credit reporting agencies.

**Response to Request No. 23**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Sherman further objects to this request to the extent that it seeks information not within its custody or control. Sherman further objects to this request as duplicative.

**Request No. 24**

Documents showing the amount of money You received from any consumer who made payments on consumer debts after the date the consumer debt was discharged in bankruptcy.

**Response to Request No. 24**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not collect payments and has no responsive documents.

**Request No. 25**

Data files of (1) all consumer debts that have been discharged in bankruptcy; and (2) those consumer debts that have been discharged in bankruptcy for which the discharge has been reported to the credit reporting agencies.

**Response to Request No. 25**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case.

Subject to these objections and the General Objections, Sherman does not furnish information to credit reporting agencies and has no responsive documents.

**Request No. 26**

Documents regarding Your, Defendant's, FNBM, LLC's, MHC Receivables, LLC's or Sherman Originator III, LLC's responses to consumers' inquiries concerning delinquent debt appearing on the customers' credit reports including, but not limited to, any writings setting forth Your, Defendant's, FNBM, LLC's, MHC's Receivables, LLC's or Sherman Originator III, LLC's, policies on how You, Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC reply to consumers requesting that charge offs or other delinquent notations be removed

from their credit reports because the debt was listed on their bankruptcy petition, and including any "scripts" or other written instructions identifying the answers that customer service representatives should give consumers making the requests.

**Response to Request No. 26**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Sherman further objects to this request to the extent that it seeks information not within its custody or control.

Subject to these objections and the General Objections, Sherman does not communicate in any way with consumers and has no responsive documents.

**Request No. 27**

Documents relating to Orrin Anderson.

**Response to Request No. 27**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Subject to these objections and the General Objections, Sherman will provide all responsive documents.

**Request No. 28**

Documents explaining or describing Your affiliation or business relationship with Defendant, FNBM, LLC, MHC Receivables, LLC or Sherman Originator III, LLC.

**Response to Request No. 28**

Sherman objects to this Request as vague and ambiguous, overly broad, irrelevant, and not proportional to the needs of the case. Sherman further objects to this request to the extent that it seeks information not within its custody or control.

Subject to these objections and the General Objections, Sherman will provide any responsive documents.

Date: December 8, 2015

                                Blank Rome LLP

                                By: _____
                                Andrew Eckstein
                                Jonathan Robbin
                                *Attorneys for Third Party*
                                *Sherman Financial Group, LLC*
                                405 Lexington Avenue
                                New York, New York 10174
                                (212) 885-5000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              ) Chapter 11
ORINN S. ANDERSON                                   )
                                                    ) Case No. 14-22147 (RDD)
                        Debtor.                     )
                                                    )
ORINN S. ANDERSON, A/K/A ORINN                      )
ANDERSON, A/K/A ORINN SCOTT ANDERSON                )
                                                    ) Adv. Pro. No. 15-08214 (RDD)
                        Plaintiff,                  )
            -against-                               ) **AFFIDAVIT OF SERVICE**
                                                    )
CREDIT ONE BANK, N.A. AND CREDIT ONE                )
FINANCIAL                                           )
                                                    )
                        Defendants.                 )
                                                    )

    NICOLA ROSS, being duly sworn, deposes and says:

    1.    I am not a party to this action. I am over 18 years of age and reside in Brooklyn, New York.

    2.    On the 8th day of December, 2015, I served the within **THIRD PARTY SHERMAN FINANCIAL GROUP, LLC'S RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS**, on

BOIES, SCHILLER & FLEXNER LLP              CHARLES JUNTIKKA & ASSOCIATES LLP
George F. Carpinello                       Charles Juntikka
Adam R. Shaw                               1250 Broadway, 24th Floor
Jeffrey S. Shelly                          New York, NY 10001
30 South Pearl Street
Albany, NY 12207

at the address designated by them for such purposes, by depositing copies in a properly addressed fedex envelope into the custody of the United States Postal service.

                                                    _____
                                                             NICOLA ROSS

Sworn to before me this
8th day of December 2015.

_____
Notary Public   MICHELE GRANITO
                Notary Public, State of New York
                No. 01GR6202734
                Qualified in Richmond County
                Commission Expires Mar 23, 2017