# Exhibit I

```
                    UNITED STATES BANKRUPTCY COURT
                    SOUTHERN DISTRICT OF NEW YORK

                                          .
 IN RE:                                   .   Case No. 14-22147 (RDD)
                                          .
 ORRIN S. ANDERSON,                       .   Chapter 7
                                          .
           Debtor.                        .
 . . . . . . . . . . . . . . . . . . .
 ORRIN S. ANDERSON,                       .   Adv. Proc. 15-08214 (RDD)
                                          .
           Plaintiff,                     .
    v.                                    .   300 Quarropas Street
                                          .   White Plains, NY  10601
 CREDIT ONE BANK, N.A., et al,            .
                                          .   Monday, June 15, 2015
           Defendants.                    .   11:15 a.m.
 . . . . . . . . . . . . . . . . . . .
```

       TRANSCRIPT OF ADVERSARY PROCEEDING:  15-08241-RDD
              ANDERSON V. CREDIT ONE BANK, N.A. ET AL
     MOTION FOR STAY PENDING APPEAL FILED BY MICHAEL D. SLODOV
   ON BEHALF OF CREDIT ONE BANK, N.A. (RELATED DOCUMENT 18) [21];
              ADVERSARY PROCEEDING:  15-08241-RDD
              ANDERSON V. CREDIT ONE BANK, N.A. ET AL
     DISCOVERY CONFERENCE RE: MOTION FOR PROTECTIVE ORDER
            **BEFORE THE HONORABLE ROBERT D. DRAIN**
            **UNITED STATES BANKRUPTCY COURT JUDGE**

APPEARANCES:

For the Plaintiff:       Charles Juntikka & Associates, LLP
                         By:  CHARLES JUNTIKKA, ESQ.
                         1250 Broadway, 24th Floor
                         New York, NY 10001
                         (212) 315-3755

APPEARANCES CONTINUED

Audio Operator:          Court ECRO Personnel

Transcription Company:   Access Transcripts, LLC
                         517 Dell Road
                         Landing, NJ  07850
                         (855) 873-2223
                         www.accesstranscripts.com




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1  discovery.  I ruled on that issue.

2          MR. SLODOV:  Well, I can explain --

3          THE COURT:  I've ruled on that issue.  That's why you
4  have rulings, so you can move on.  You lost on the motion to
5  dismiss on standing grounds.

6          MR. SLODOV:  Your Honor, would you like me to
7  explain?

8          THE COURT:  Yes.  I would like to hear that, and I'd
9  like to hear why you're still arguing that this is correct
10 credit reporting as a basis for withholding discovery.  I'm
11 shocked by that.

12         MR. SLODOV:  Your Honor, we -- let me walk through
13 this.  With respect to the scope of inquiry, if plaintiff asks
14 for a 30(b)(6) representative to appear to testify as to where
15 their servers are located, which I think is one of the
16 deposition topics that they were interested in inquiring on, it
17 would depend on, you know, what the composition of their -- you
18 know, their data record-keeping systems are and how their
19 architecture is structured.  The answer to the question would
20 depend on the timeframe, right?  So if Credit One is required
21 to produce a witness to answer questions regarding the
22 architecture of their record-keeping system from -- you know,
23 from 1998 to the present, it's going to vary in terms of what
24 preparations are necessary --

25         THE COURT:  You're not answering my question, all

1  right?  And we might as well deal with this question now as
2  opposed to a call that will happen two weeks from now.  I'm
3  going to read the response and ask you if you're still pursuing
4  that, and then we'll cover why.
5           "Credit One further objects to the class period
6           defined in the complaint because plaintiff did not
7           obtain a discharge until May 2014.  The injury about
8           which he complains did not arise until after
9           obtaining his discharge, and plaintiff lacks standing
10          to pursue a claim for events prior to his discharge."
11          May as well combine this with the next one, too:
12          "Credit One further objects to the class period
13          defined in the complaint because plaintiff was not
14          party to any other order of discharge and lacks
15          standing to enforce an injunction entered in favor of
16          any other person and against Credit One."
17          I denied your motion to dismiss on both of those
18 points, right?  So are you still pursuing this?  Are you really
19 going to withhold documents on this basis, standing?
20          MR. SLODOV:  Your Honor, for the purposes of
21 preserving an issue for appeal --
22          THE COURT:  This is not appeal.
23          MR. SLODOV:  -- we have to restate --
24          THE COURT:  You're withhold -- let me -- this is my
25 question.

```
 1            MR. SLODOV:  No, I didn't withhold anything.
 2            THE COURT:  Are you going to withhold documents on
 3   this basis?
 4            MR. SLODOV:  Your Honor, we will not withhold
 5   anything if you order us to produce it.
 6            THE COURT:  But you were actually thinking of doing
 7   it?
 8            MR. SLODOV:  No, Your Honor.  We're --
 9            THE COURT:  Jesus.
10            MR. SLODOV:  -- asserting an objection, Your Honor.
11            THE COURT:  Uh-huh, right.
12            MR. SLODOV:  And --
13            THE COURT:  Which you think was meritorious as well
14   as the time-barred point --
15            MR. SLODOV:  -- I do actually believe --
16            THE COURT:  -- and as well as the point that --
17            MR. SLODOV:  Yes, Your Honor.
18            THE COURT:  I -- you know, it's just -- I think I'm
19   going to have to see you in person next time you appear in
20   front of me.  I've accommodated you appearing by phone, but I
21   want to see the person that's making these arguments in the
22   future.
23            MR. SLODOV:  I'll be happy to come, Your Honor.
24            THE COURT:  All right.  There will be no -- no, let
25   me be absolutely clear on this.  This is in capital letters,
```

1  N-O, withholding of documents on the basis of a position that's
2  contrary to any ruling I have given in this case that permits
3  this case to go forward.  You are on notice right now that if
4  you do that, you'll be subject to Rule 11.  The arrogance is
5  outrageous.
6          Now, as far as any other discovery, since there have
7  been no document demands, I really don't know how much further
8  we could go.  Since you started so far behind the eight ball, I
9  -- you should just take from my tone that you need to be
10 reasonable on this going forward.  And it is crystal clear that
11 Credit One's practices and policies dealing with the sale of
12 debt that's subsequently discharged and credit reporting are
13 front and center in this discovery, and so therefore objecting
14 to a topic dealing with credit reporting and the sale of debts
15 is just again getting this off on the wrong foot.
16         You know, you should talk about what it is that, if
17 anything, is added by getting into other collection activities,
18 which I agree might well be irrelevant or unduly burdensome,
19 but that's something you should discuss.  But when you list,
20 among other things that you think are irrelevant, quote,
21 "Communications with buyers of consumer debt regarding your,"
22 the buyer's, "practices reporting bankruptcy discharges to
23 credit reporting agencies," as irrelevant, I think you can
24 imagine why I am extremely skeptical of how Credit One intends
25 to engage in discovery in this case.  There could be nothing