**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ORRIN S. ANDERSON,<br>　　　　　　　　　　Debtor, | |
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON,<br>A/K/A ORRIN SCOTT ANDERSON,<br>　　　　　　　Debtor and Plaintiff<br>　　　　　　　on behalf of himself<br>　　　　　　　and all others similarly<br>　　　　　　　situated,<br>　　v.<br>CREDIT ONE BANK, N.A.<br>　　　　　　　　　　Defendant. | Chapter 7<br><br>Case No. 14-22147 (RDD)<br><br>Adv. Pro. No. 15-08214 (RDD) |

**STIPULATION AND ORDER**

IT IS HEREBY STIPULATED AND AGREED AMONG THE UNDERSIGNED PARTIES HERETO THAT:

1.　Credit One Bank, N.A. and any of their present officers, directors, employees, members, agents, representatives or any others acting on their behalf (collectively "Credit One") shall, within 30 days of the date this Stipulation and Order is so ordered by the Court, with respect to any account for which Credit One furnished information to any credit reporting agency and prior to the date of this order such account was discharged in a Chapter 7 bankruptcy proceeding, either (1) furnish information to report such account as "included in bankruptcy" and delete or suppress any negative notation in the current status field such as "charge off" or "past due" or "paid in settlement" or any other negative notation suggesting that the discharged debt is

due and owing; and/or (2) furnish information to suppress or delete all information relating to the account such that no Credit One tradeline relating to that account will appear on a credit report;

2.      For a period of seven (7) years from the date this Stipulation and Order is so ordered by the Court, Credit One shall, for all accounts for which Credit One furnishes information to a credit reporting agency and, subsequent to the date of this Order, Credit One receives notice that such account was discharged in a Chapter 7 bankruptcy proceeding, either (1) furnish information to report such account as "included in bankruptcy" and delete any negative notation in the current status field such as "charge off" or "past due" or "paid in settlement" or any other negative notation suggesting that the discharged debt is due and owing; and/or (2) furnish information to suppress or delete all information relating to the account such that no Credit One tradeline relating to that account will appear on a credit report

3.      If a consumer requests in writing reinstatement of the tradeline associated with his or her sold discharged account, Credit One will request that the credit reporting agency reinstate the tradeline as Credit One had reported it and as it was being maintained immediately prior to implementation of the instruction carried out in accordance with paragraph 1 hereof.

4.      Credit One shall not be in violation of this Stipulation and Order based upon any failure to comply that is a result of inadvertent coding errors or due to a failure to accurately predict the response of the credit reporting agencies' systems to the information or codes furnished by Credit One.  Credit One shall correct any such noncompliance promptly after it becomes aware of it and shall take reasonable steps to confirm the effectiveness of any changes. Subject to the foregoing, Credit One shall not be in violation of this Stipulation and Order based upon any failure or delay of a credit reporting agency's action required by a request of Credit One.

5. Credit One represents that it has discussed the implementation of the instructions set forth in paragraph one with representatives for the three credit reporting agencies (Experian, Equifax and Transunion) and, based on such discussions, Credit One is not aware of any reason why such instructions cannot or will not be implemented. If for any reason the credit reporting agencies have not implemented the instructions provided by Credit One as contemplated in paragraph 1 of this order within ninety (90) days of the date this Order is entered, Credit One shall advise the Court and the Plaintiff's counsel immediately upon the expiration of the ninety (90) day period and set forth the reasons for the credit agencies' failure to implement such instructions. Credit One shall make all reasonable efforts to cooperate with the credit reporting agencies in carrying out the instructions and shall not frustrate or delay the credit reporting agencies in carrying out such instructions. Further, to the extent the credit reporting agencies have not carried out such instructions within the period prescribed above, Credit One shall not oppose the initiation of any proceedings instituted by Plaintiff against the credit reporting agencies to cause the credit reporting agencies to carry out such instructions.

6. Sherman Financial Group, LLC., Sherman Capital Markets, LLC., Sherman Originator III, LLC., FNBM, LLC., MHC Receivables, LLC., PYOD, LLC., LVNV Funding, LLC (the "Sherman Entities"), and Resurgent Capital Services, L.P. ("Resurgent") hereby respectively certify that, to the extent any of the Sherman Entities or Resurgent report tradelines to any of the major credit reporting agencies on any credit card debt on accounts issued by Credit One Bank, N.A, as a matter of policy, such entities do not report on such accounts that are the subject of a bankruptcy petition as of the date any such entity acquires the account. The Sherman Entities and Resurgent further certify that, to the extent any such entity reports tradelines to any of the major credit reporting agencies on any credit card debt on accounts

3

issued by Credit One Bank, N.A., it is the policy of such entity is to instruct the credit reporting agencies to delete such tradelines within 61 days of the filing of a bankruptcy petition that includes any such account. Should any such entity begin to report tradelines on any such accounts that are included in bankruptcy, or to cease its policy of instructing the credit reporting agencies to delete tradelines for accounts upon their inclusion in bankruptcy, within seven (7) years of the date of this Order, such entity shall immediately notify the Court and Plaintiff's counsel. Upon such notification, Plaintiff may seek such other and further relief as Plaintiff deems appropriate.

7. The consent by Credit One, the Sherman Entities, and Resurgent to the terms of this Stipulation and Order shall not be deemed an admission of wrongdoing or liability of any kind and this Stipulation and Order and the conditions described herein are without prejudice to, and do not address the merits of, the underlying dispute in this adversary proceeding.

8. **PLAINTIFF'S VERSION:** Nothing in this Stipulation and Order shall prevent any party hereto from applying to the Court for relief from its terms for good cause shown or if Credit One, the Sherman Entities and/or Resurgent is required to act in a manner contrary to the terms of the this Order by (1) any regulatory or other governmental agency or (2) any change in relevant law.

9. Compliance with the terms of this Stipulation and Order by Credit One, the Sherman Entities, and Resurgent shall resolve the second Request for Relief for a permanent injunction in the January 30, 2015 Amended Complaint in this adversary proceeding.

10. This Court shall retain jurisdiction to enforce the terms of this Stipulation and Order, and any party hereto may apply to the Court for enforcement of its terms.

Dated: March __, 2017
     New York, New York

| **BOIES SCHILLER FLEXNER LLP**<br><br>By:_____<br>George F. Carpinello<br>Adam R. Shaw<br>30 South Pearl Street<br>Albany, NY  12207<br>(Ph) 518-434-0600<br>(Fx) 518-434-0665<br><br>*Counsel for Plaintiff Orrin Anderson* | **WHITE & CASE LLP**<br><br>By:_____<br>J. Christopher Shore<br>Andrew E. Tomback<br>Colin T. West<br>1155 Avenue of the Americas<br>New York, NY 10036<br>Phone: 212.819.8200<br>Fax: 212.354.8113<br>Email: cshore@whitecase.com<br>Email: atomback@whitecase.com<br>Email: cwest@whitecase.com<br><br>*Counsel to Defendant Credit One Bank, N.A.* |
|---|---|
| **BLANK ROME LLP**<br><br>By:_____<br>Kenneth L. Bressler<br>Jonathan Robbin<br>405 Lexington Avenue<br>New York, NY 10174-0208<br>Phone: 212.885.5203<br>Fax: 917.332.3740<br><br>*Counsel to third parties Sherman Financial Group, LLC., Sherman Capital Markets, LLC., Sherman Originator III, LLC., FNBM, LLC., MHC Receivables, LLC., PYOD, LLC., LVNV Funding, LLC* | **BLANK ROME LLP**<br><br>By:_____<br>Kenneth L. Bressler<br>Jonathan Robbin<br>405 Lexington Avenue<br>New York, NY 10174-0208<br>Phone: 212.885.5203<br>Fax: 917.332.3740<br><br>*Counsel to third party Resurgent Capital Services, L.P.* |

**IT IS SO ORDERED**

Dated: White Plains, New York          /s/Robert D. Drain_____
      March 22, 2017                              **UNITED STATES BANKRUPTCY JUDGE**