WHITE & CASE LLP
J. Christopher Shore
Andrew E. Tomback
Colin T. West
1221 Avenue of the Americas
New York, NY 10020
Phone: 212.819.8200
Fax: 212.354.8113

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ORRIN S. ANDERSON,<br><br>Debtor, | |
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON<br><br>Debtor and Plaintiff on behalf of himself and all others similarly situated<br><br>v.<br><br>CREDIT ONE BANK, N.A.<br><br>Defendant. | Chapter 7<br>Case No. 14-22147 (RDD)<br>Adv. Pro. No. 15-08214 (RDD) |

**<u>DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS</u>**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................. 1

CONCLUSION ............................................................................................................. 3

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*American Shipping Line, Inc. v. Massan Shipping Indus.*, 885 F. Supp. 499 (S.D.N.Y. 1995) ....................1

*Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018) ....................1, 2

*In re Anderson*, 884 F.3d 382 (2d Cir. 2018)....................2

*In re Bruce*, No. 15-cv-03311 (Dkt. 40) (S.D.N.Y. Mar. 4, 2019)....................1

*In re South Side House, LLC*, 470 B.R. 659 (Bankr. E.D.N.Y. 2012)....................1

*In re Trevino*, No. 10-70594, 2019 Bankr. LEXIS 742 (Bankr. S.D. Tex. Mar. 7, 2019) ....................2

*Landis v. North Am. Co.*, 299 U.S. 248 (1936)....................1

*Lasala v. Needham & Co.*, 399 F. Supp. 2d 421 (S.D.N.Y. 2005) ....................2

## PRELIMINARY STATEMENT

Defendant Credit One Bank, N.A. ("Credit One") respectfully moves to stay all proceedings in the above-referenced matter pending the outcome of the appeal to the Second Circuit from the District Court's order denying Citigroup's request to compel arbitration. *In re Bruce*, No. 15-cv-03311 (Dkt. 40) (S.D.N.Y. Mar. 4, 2019). Notwithstanding Judge Bricetti's recent decision in *In re Bruce* to reverse his earlier order compelling arbitration (*id.*), this Court upheld the stay of proceedings in that case pending the outcome of Citigroup's appeal to the Second Circuit. (*Bruce v. Citigroup et al.*, 14-ap-08224 (RDD), Apr. 16, 2019 Hrg. Tr. at 17:10-12). In so doing, this Court acknowledged that the Second Circuit might reach a different result with respect to the issue of arbitrability than it did in this case in light of the Supreme Court's decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). (*Id.* at 13:24-14:7). Just as a continued stay of the proceedings was appropriate in *Bruce*, a stay is appropriate here because, if the Second Circuit were to rule in Citigroup's favor and compel arbitration, its reasoning would almost certainly apply equally to this nearly identical case.

## ARGUMENT

The decision as to whether to issue a stay is "firmly within a . . . court's discretion." *American Shipping Line, Inc. v. Massan Shipping Indus.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995); *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."). A stay "may be appropriate to promote judicial economy, or to avoid confusion and possible inconsistent results," provided there is no "undue hardship or prejudice against the plaintiff." *In re South Side House, LLC*, 470 B.R. 659, 685 (Bankr. E.D.N.Y. 2012). Indeed, "a court might, in the interest of judicial economy,

enter a stay pending the outcome of proceedings which *bear upon* the case, even if such proceedings are *not necessarily controlling* of the action that is to be stayed." *Lasala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (emphasis added).

Although the procedural posture of this case is different from *Bruce*, the rationale underlying a continued stay in *Bruce* is equally applicable here. As this Court is aware, after the Second Circuit's decision in *In re Anderson*, 884 F.3d 382 (2d Cir. 2018), the Supreme Court issued its decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). In *Epic*, the Supreme Court examined whether the NLRA overrode arbitration contract provisions under the FAA. *Epic*, 138 S. Ct. at 1619. The Court held that the parties' right to enforce arbitration provisions in a contract were not undercut by the NLRA, and, in so holding, articulated the standard for analyzing the relationship between two different statutes: "A party seeking to suggest that two statutes cannot be harmonized, and that one displaces the other, bears the heavy burden of showing 'a clearly expressed congressional intention' that such a result should follow. The intention must be 'clear and manifest.'" *Id.* at 1624.

The Second Circuit has yet to address whether its decision in *In re Anderson* was undermined by *Epic*. And while counsel for plaintiff in *Bruce* argued before this Court that "*Epic* does not change *Anderson*" (*Bruce.*, 14-ap-08224 (RDD), Apr. 16, 2019 Hrg. Tr. at 5:8-12), at least one Bankruptcy Court has reached a contrary conclusion. *In re Trevino*, No. 10-70594, 2019 Bankr. LEXIS 742 (Bankr. S.D. Tex. Mar. 7, 2019).[1] The Second Circuit's ultimate determination

---

[1] The Court in *In re Trevino* analyzed the relationship between Bankruptcy Code and arbitration provisions. *In re Trevino*, 2019 Bankr. LEXIS 742, at *2. In doing so, the *Trevino* Court declined to follow the Second Circuit's decision in *Anderson* because of *Epic*'s rigorous standard for determining congressional intent. *See id.* at *35-36 (stating that *Anderson* decision "fall[s] short of the *Epic* mandate that a party bears the heavy burden of showing . . . that Congress *clearly* and *manifestly* intended for the Bankruptcy Code to override the FAA").

of this question will determine whether arbitration is mandatory in both *Bruce and* this case. A stay is therefore appropriate in this case as well to conserve the resources of the Court and the parties. In addition, since the Court entered a stay in *Bruce,* not entering a stay here would create the risk of inconsistent results between two cases before the same presiding judge with respect to the same issue.

Nor will Plaintiff suffer any prejudice in this case for the same reason that the Court determined that the plaintiff would not suffer any prejudice in *Bruce*. Just as Citigroup has done, Credit One has entered into a stipulation – so ordered by the Court – to change the reporting practices at issue in a manner satisfactory to the Plaintiff. (the "Stipulation and Order") (ECF No. 104) Credit One continues to comply with the Stipulation and Order, which this Court has continuing jurisdiction to enforce. Thus, there is no risk of harm to the Plaintiff from staying proceedings to await the ultimate resolution of the arbitration issue by the Second Circuit in light of *Epic*.

## **CONCLUSION**

For the reasons stated herein, Credit One respectfully requests that the Court grant Defendant's request for a stay of proceedings.

Date: May 15, 2019

Respectfully submitted,

/s/ *Andrew E. Tomback*
J. Christopher Shore
Andrew E. Tomback
Colin T. West
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: 212.819.8200
Fax: 212.354.8113
Email: cshore@whitecase.com
Email: atomback@whitecase.com
Email: cwest@whitecase.com

*Counsel to Credit One Bank, N.A.*