UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ORRIN S. ANDERSON,<br><br>Debtor, | Chapter 7<br><br>Case No. 14-22147 (RDD) |
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON, A/K/A ORRIN SCOTT ANDERSON,<br><br>Debtor and Plaintiff on behalf of himself and all others similarly situated,<br><br>v.<br><br>CREDIT ONE BANK, N.A.<br><br>Defendant. | Adv. Pro. No. 15-08214 (RDD) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A STAY**

Plaintiff files this Opposition to Defendant's Motion to stay these proceedings. Defendant has not carried its burden of demonstrating that the Court should exercise its discretion to grant a stay here.

The decision as to whether to issue a stay lies within the sound discretion of the court. *See, e.g., Riverkeeper, Inc. v. Pruitt*, 17-CV-4916, 2018 WL 987262, at *2 (S.D.N.Y. Feb. 20, 2018). Courts have frequently considered five factors in exercising that discretion: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Id*. (quoting *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009)). The court may also

consider the prospects of success on appeal, including in cases such as this one that concern an appeal in a related case. *Estate of Heiser v. Deutsche Bank Trust Co. Americas*, No. 11 Civ. 1608, 2012 WL 2865485, at *3 (S.D.N.Y. July 10, 2012). "The movant must proffer sufficient support to demonstrate a substantial possibility, although less than a likelihood, of success on appeal." *Id*.

Defendant cannot meet any of these criteria.

<u>First</u>, Defendant will suffer no prejudice or burden if the case proceeds. The Court determined that Defendant should be defaulted for its egregious discovery violations at a hearing held on September 22, 2016. This Court held a hearing on class certification on October 17, 2017. Plaintiff believes that rulings on these motions should be issued and Defendant cites not a single reason why they should not. These are hearings that have already taken place and Defendant will suffer no prejudice – other than adverse decisions – from the issuance of the Court's rulings. By contrast, Plaintiff and the class will suffer substantial prejudice if the case is delayed in that their prosecution of the case will be further hindered. This case has already been delayed by over a year due to Defendant's discovery misconduct.

<u>Second</u>, Defendant cannot demonstrate a substantial possibility of success on the appeal in *Bruce v. Citigroup* that would, in turn, affect its own case. The appeal in *Bruce v. Citigroup* is frivolous but, in any event, Credit One stands in an entirely different posture than Citigroup. Credit One's argument that arbitration should take place in this case has already been rejected by three courts and *certiorari* was denied by the Supreme Court. It is law of the case. Defendant cites no authority for the proposition that this Court should stay on-going proceedings based solely on the hope that more favorable decisions will be rendered in the future in other cases.

Furthermore, the *Bruce* appeal is based in part on an argument that was waived by Credit One in this case. *See*, Letter of April 12, 2019, from Counsel for Citigroup to the Court, attached hereto as Ex. A, at 2: "[I]n *In re Anderson*, upon which Plaintiff's argument appears to be premised, the Second Circuit held that the appellant waived the very arguments that Citi is primarily pressing on appeal." *See also* Tr. of Hearing, April 16, 2019 at 7-8, attached hereto as Ex. B. (The Court: "Besides that the Second Circuit [in *Anderson*] didn't need to decide one of the issues that apparently belatedly Credit One raised in front of them.").

Third, Credit One's reliance on *In re Trevino*, 2019 WL 1090165 (S.D. Tex. March 7, 2019), is misplaced. That court relied upon Judge Briccetti's earlier decision in *In re Belton*, 2015 WL 6163083 (S.D.N.Y. Oct. 14, 2015), which, as this Court is aware, was vacated by Judge Briccetti's reconsideration at the urging of the Court of Appeals, *In re Belton*, 2019 WL 1017293 (S.D.N.Y. March 4, 2019). Moreover, Judge Briccetti's more recent opinion is consistent with numerous other decisions in this circuit and elsewhere that have rejected the notion that the Supreme Court decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), somehow overrules *In re Anderson*. *See In re Golden*, 587 B.R. 414 (Bankr. E.D.N.Y. 2018); *In re Homaidan*, 587 B.R. 428 (Bankr. E.D.N.Y. 2018); *In re Bateman*, 585 B.R. 618 (Bankr. M.D. Fla. 2018); *Roth v. Butler University*, 2018 WL 6039099 (Bankr. S.D. Ind. Nov. 16, 2018); *Knepp v. Educational Financial Services*, 18-01389-VFP (D. N.J., Jan. 9, 2019), attached hereto as Ex. C; *see also In re Acis Capital Manag., L.P.*, 2019 WL 1750905, at *14, n.73 (N.D. Tax., April 25, 2019)(denying arbitration of core bankruptcy claims, citing *Anderson*.).

Finally, the interest of the Court and the public interest also favors denial of a stay here. This action has been pending since January 20, 2015 and the Court has an interest in expeditiously resolving cases. Moreover, although Credit One has ceased the challenged conduct, the putative

3

class has an interest in resolving the matter and, in particular, obtaining restitution for monies paid on discharged debts.  For some debtors, Credit One has held those funds for over ten years.

For the foregoing reasons, Plaintiff respectfully requests that Credit One's request for a stay of proceedings be denied.

Dated:  June 14, 2019                                  **BOIES SCHILLER FLEXNER LLP**

By: */s/ George F. Carpinello*

George F. Carpinello
Adam R. Shaw
Anne M. Nardacci
30 South Pearl Street, 11th Floor
Albany, NY  12207
(518) 434-0600

**CHARLES JUNTIKKA &
ASSOCIATES LLP**
Charles Juntikka
30 Vesey Street, Suite 100
New York, NY  10007
(212) 315-3755

*Attorneys for Plaintiff-Appellee Orrin S. Anderson*