UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ORRIN S. ANDERSON,<br><br>                Debtor, | Chapter 7<br><br>Case No. 14-22147 (RDD) |
| ORRIN S. ANDERSON, aka ORRIN ANDERSON,<br>aka ORRIN SCOTT ANDERSON,<br><br>                Debtor and Plaintiff<br>                on behalf of himself<br>                and all others similarly<br>                situated,<br><br>      v.<br><br>CREDIT ONE BANK, N.A. et al.<br><br>                Defendant. | Adv. Pro. No. 15-08214 (RDD) |

**JUDGMENT AND ORDER CERTIFYING CLASS AND GRANTING RELATED RELIEF**

**WHEREAS**, this Court issued a Memorandum of Decision on June 2, 2022 and a corrected version thereof on June 3, 2022 (the "Corrected Decision") in which it directed Plaintiff to submit a proposed order consistent with the Corrected Decision; and the Court having reviewed Plaintiff's proposed order, Defendant's comments thereon and proposed counter-order, and the parties' counsel's letters to the Court dated June 14 and 15, 2022; and, after due deliberation and for the reasons stated by the Court in the Corrected Decision, Plaintiff having established the factual and legal bases for the relief granted herein, it is hereby

**ORDERED, ADJUDGED AND DECREED** that under Fed. R. Bankr. P. 7037, incorporating Fed. R. Civ. P. 37, Defendant is held in default on the merits of this proceeding, and

1

the well-pleaded allegations against it as to liability are deemed determined to be true, subject to the terms of this Judgment and Order; and it is further

**ORDERED, ADJUDGED AND DECREED** that without limiting the foregoing, the Defendant is declared to have violated the discharge and the discharge injunction under sections 727(b) and 524(a)(2) of the Bankruptcy Code of the Plaintiff and each member of the class certified hereby who does not timely opt out of such class (such class members who do not timely opt out, the "Class") and shall be liable therefor under section 105(a) of the Bankruptcy Code and the standard for civil contempt as provided herein; and it is further

**ORDERED, ADJUDGED AND DECREED** that Defendant shall be liable as set forth in the Corrected Decision to Plaintiff and each member of the Class for damages for the foregoing violation of the discharge and the discharge injunction, comprising the reasonable costs and expenses of enforcing the discharge, including the reasonable attorneys fees and expenses of Class counsel, including as to notice to the class certified hereby, and uniform non-compensatory damages of between $50.00 and $1,000 per Class member; *provided*, that (a) the reasonable amount of such fees and expenses shall be determined by the Court following the procedure set forth herein, and (b) the amount of the foregoing per-Class-member non-compensatory sanction shall be determined by the Court after its determination of the amount of such fees and expenses, the time to opt out has passed and the size of the Class has been ascertained, and the Court has considered the remaining undetermined factor of the ratio of actual to punitive damages identified in the Corrected Decision, after notice to the Defendant and the opportunity for a hearing; and it is further

**ORDERED, ADJUDGED AND DECREED** that without limiting the foregoing, Defendant shall also be liable as set forth in the Corrected Decision to each member of the sub-

class certified hereby who does not timely opt out of the class certified hereby (the "Sub-Class") in the amount of the payments of debt reported on a tradeline of Defendant that were made by such Sub-Class member proximately caused by Defendant's credit reporting of such debt; and it is further

**ORDERED** that this Court certifies an opt-out class under Fed. R. Bankr. P. 7023, incorporating Fed. R. Civ. P. 23(b)(3), comprising:

> all individuals who, after May 3, 2007, have had a consumer credit report relating to them prepared by any of the credit reporting agencies in which one or more of their tradeline accounts or debt(s) with Defendant was not reported by Defendant as "discharged" or "included in bankruptcy" but, rather, as "charged off," "-$0- balance" or "due" notwithstanding the fact that such debt(s) had been discharged as a result of such person's bankruptcy under Chapter 7 of the Bankruptcy Code; *provided*, that such debt(s) shall have been (i) unsecured and (ii) not the subject of a valid and enforceable reaffirmation agreement; *provided*, *further*, that the class shall not include those people whose debt(s), being $99 or less, were not sold by Defendant and whose tradelines were deleted by Defendant promptly after they filed for bankruptcy; and it is further

**ORDERED** that the Court certifies a sub-class of individuals comprising the foregoing people who, in addition, paid any such debt(s).

Excluded from the foregoing class are the Defendant, any entity in which Defendant has a controlling interest, Defendant's legal representatives, assigns and successors, the attorneys for Plaintiff and the class and any members of such attorneys' immediate families, Judge Drain or any other judge to whom this adversary proceeding is subsequently assigned and any member of Judge Drain's or such successor judge's immediate family; and it is further

**ORDERED** that, consistent with the Corrected Decision, Plaintiff shall promptly file and serve the proposed notice to the class/sub-class and schedule a hearing on Plaintiff's request for approval of such notice and related notice procedures; and it is further

**ORDERED** that Plaintiff's counsel shall file a fee application with supporting time and expense records within 60 days of the date of this Order and serve it on Defendant with a notice

3

of hearing thereon; Defendant shall have 30 days after service to file and serve an objection.

Dated: White Plains, New York
      June 21, 2022                          */s/Robert D. Drain*
                                            United States Bankruptcy Judge