UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
In re:

    Orrin S. Anderson, aka Orinn Anderson,
    aka Orinn Scott Anderson

              Debtor.

Chapter 7

Case No. 14-22147 (rdd)

---------------------------------------------------X
In re:

    Orrin S. Anderson, aka Orinn Anderson,
    aka Orinn Scott Anderson,

    Debtor and Plaintiff, on behalf of himself
    and all others similarly situated,

v.

CREDIT ONE BANK, N.A.

    Defendant.

Adv. Case No. 15-08214 (rdd)
Hon. Robert D. Drain

---------------------------------------------------X

**RESPONSE IN OPPOSITION TO EMERGENCY MOTION TO STRIKE OR IN
THE ALTERNATIVE MOTION TO SEAL THE MOTION
(DOC. NO. 182, 183)**

    A.    *ACCUSATION OF WRONGFUL CONDUCT*

There can be no dispute that the Court's "public" June 3 Corrected Memorandum decision amounts to a public excoriation and an "accusation of wrongful conduct" against the undersigned within the meaning of Rule 1.6(b)(5). Three news accounts of the court's decision were already been published and a fourth

1

is expected next week.[1] No opportunity to present evidence was afforded the undersigned before the court's decision related to the finding that "[Credit One's] counsel, was equally in bad faith and at fault …[or as to how the court] apportions responsibility jointly and severally between client and counsel."

Whether the undersigned acted in bad faith, was at fault, and whether it would be just to apportion responsibility on the undersigned, on Sessions, or on both, in light of the evidence, and the requirement that the court find counsel advised that conduct, are clearly at issue.

Credit One and Sessions now also allege the undersigned engaged in wrongful conduct by filing the two-part motion with its supporting evidence, suggesting it was unethical to file the information, serve a motion on counsel of record and the manner of its presentation here. It was not. See below.Indeed Sessions has demanded that all the undersigned's files and emails be destroyed. See Exhibit 1.

That the undersigned broke a years-long silence only now after the Court's decision was released, does not minimize the steep cost already paid by the undersigned by staying out of this and respecting privilege, as outlined in my declaration. Doc No. 180, ¶¶ 148-159.

---

[1] https://www.law360.com/articles/1499700/credit-one-sanctioned-for-lengthy-willful-discovery-failures; https://www.wsj.com/articles/credit-card-issuer-credit-one-rebuked-in-debt-reporting-lawsuit-1165476880; https://www.accountsrecovery.net/2022/06/06/judge-sanctions-defendant-certifies-class-of-300k-who-did-not-have-credit-reports-updated-after-bk-discharge/ ; see also June 23, 2022 email from Mr. Rochelle, ABI Editor At Large, stating "Sometime next week, probably on Tuesday, June 28, I will run a story on Judge Drain's June 3 opinion in the Credit One adversary proceeding…. I write to provide you … with an opportunity to provide me with a comment or statement to consider for inclusion in the forthcoming story." The undersigned sent a copy of Doc. No. 180 to Mr. Rochelle on June 23, 2022.

Asking Sessions and Credit One to provide a written assurance they would pay for my continued silence and for my defense, in the face of further and irrevocable damage to my reputation and potential loss of my license to practice law, was only the last way in a series of rejected chances Credit One had to avoid this clash.

Nor is there any argument that a real and live dispute does not exist between Credit One, Sessions and the undersigned on the allocation of monetary sanctions to be awarded in this case.

### B. GROUNDS EXIST TO REVEAL CONFIDENTIAL INFORMATION

Black letter law holds that a "lawyer may reveal confidences or secrets necessary to defend himself against 'an accusation of wrongful conduct' … the right to make an appropriate disclosure with respect to [my role in the misconduct]… [and] the right to support [my] version of the facts with suitable evidence." *Meyerhofer v. Empire Fire & Marine Ins. Co.*, 497 F.2d 1190, 1194–95 (2d Cir. 1974), cert. denied, 419 U.S. 998, 95 S.Ct. 314, 42 L.Ed.2d 272 (1974); *see also First Fed. Sav. & Loan Ass'n of Pittsburgh v. Oppenheim, Appel, Dixon & Co.*, 110 F.R.D. 557, 560-568 (S.D.N.Y. 1986)("in appropriate circumstances, an attorney may disregard the privilege of a current or former client, and disclose otherwise protected attorney-client communications."). The Rule itself says as much: "A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary…(5) (i)to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct." N.Y. RPC 1.6(b)(5)(i).

3

One such circumstance in which the disclosure is authorized is in the context of the allocation of sanctions for discovery abuse, when the attorney is accused of misconduct, the attorney invokes the self-defense exception and the client asserts attorney client privilege. *Qualcomm Inc. v. Broadcom Corp.*, No. 05CV1958-RMB (BLM), 2008 WL 638108, at *3 (S.D. Cal. Mar. 5, 2008)("the communications and conduct relevant to the topic area of records (electronic or other) discovery … is not privileged information."). That case is squarely applicable here.

### C. THE MOTION FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE WAS PROPERLY SUPPORTED BY EVIDENCE, EVEN IF SUCH EVIDENCE WAS ONCE PROTECTED BY WORK PRODUCT OR ATTORNEY CLIENT PRIVILEGE

Doc. No. 180, the undersigned's motion to intervene for limited purpose and motion for leave to submit evidence for in camera inspection only, or in the alternative, for leave to file under seal, and its supporting declaration (which was heavily redacted and contained none of the 532 pages of emails sent to the court for an in camera inspection or for filing under seal), was followed by an unredacted version emailed to counsel of record, to Sessions representatives, and in accordance with chamber rules, physical copies of both versions were delivered to the court by express mail[2] for in camera inspection on June 22.

The declaration provided the factual basis for the request for intervention. Namely, that the motion was timely, asserted an interest relating to the action before the court (allocation of monetary discovery sanctions), showed that the undersigned's interests were not adequately protected by either Credit One or the Sessions law firm,

---

[2] USPS tracking # 9470103699300066476561

4

that the applicant "is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest" and to demonstrate a common question of law and fact with the action. Fed.R.Civ.P. 24; c*f. Berger v. N. Carolina State Conf. of the NAACP*, No. 21-248, 2022 WL 2251306, at *6 (U.S. June 23, 2022).

### D. THE MOTION FOR LEAVE TO SUBMIT FOR IN CAMERA INSPECTION OR IN THE ALTERNATIVE FOR LEAVE TO FILE UNDER SEAL WAS PROPERLY SUPPORTED BY EVIDENCE NECESSARY TO SHOW THE CONTEXT OF THESE COMMUNICATIONS AND THEIR RELEVANCE TO THE ISSUES BEFORE THE COURT

The undersigned's declaration and supporting evidence for consideration by the court on the allocation issue was included and intended to demonstrate what the nature of Intervenor's evidence on the allocation question consisted of, including a showing that good cause existed to authorize submission for in camera inspection only, or in the alternative, filing under seal.

As to grounds for the motion for leave to submit evidence for in camera inspection, or in the alternative, for leave to file under seal, the declaration provided a foundation to show that the communications were otherwise privileged.

Sessions and Credit One previously took an it's "not your fault" position regarding the representation provided. Intervenor-MDS 0523. Credit One acknowledges that now, it would not agree to hold the undersigned harmless from any monetary sanction award (as has Sessions), but doesn't expressly say why.

The unstated (here) but clear reason for Sessions' and upon belief, Credit One's refusal, is their contention that the undersigned engaged in some culpable

5

misconduct warranting imposition of sanctions personally against the undersigned. Taking that position places the communications at issue and amounts to waiver. See *Complex Sys., Inc. v. ABN AMRO Bank N.V.*, 279 F.R.D. 140, 147 (S.D.N.Y. 2011). To make out waiver, proof is required. *CSI Inv. Partners II, L.P. v. Cendant Corp.*, No. 00 CIV. 1422(DAB)(DF, 2006 WL 617983, at *3 (S.D.N.Y. Mar. 13, 2006) (To persuade a Court to find an "implied waiver" or "forfeiture" of the attorney-client privilege, the moving party must prove that: "(1) the very subject of privileged communications was critically relevant to the issue to be litigated; (2) there was a good faith basis for believing such essential privileged communications existed; and (3) there was no other source of direct proof on the issue.")(quoting Allen v. West Point-Pepperell Inc., 848 F.Supp. 423, 429 (S.D.N.Y.1994)).

The evidence presented in the declaration of the undersigned and Credit One's response, satisfies the implied waiver standard.

Credit One's current motion seeks to silence the undersigned based on privilege while simultaneously alleging wrongful conduct.

Sessions has demanded that all the undersigned's files and emails be destroyed also alleging wrongful conduct.

Credit One admits that it was given due warning that the undersigned intended to exercise the right of self-defense in advance of the filing. See Exhibit 2.

With the announcement that his honor was retiring at the end of June,[3] and the belief the court was in the best position to consider the questions presented here

---

[3] Doc No. 176, n. 4. But see June 24, 2022 news release at https://www.nysb.uscourts.gov/sites/default/files/pdf/OrderofRecall-Drain.pdf

6

given the court's familiarity with these proceedings, and for the additional reasons already set forth in Intervenor's motion and set forth above, prudence dictated filing the motion to intervene with the redacted declaration and without its attachments, in advance of the date on which an allocation will be decided.

### E. THE UNDERSIGNED HAS THE RIGHT TO RETAIN HIS EVIDENCE AS LONG AS NECESSARY

Credit One wants my evidence shielded from the public view. Sessions has demanded the evidence I hold be destroyed. That cannot be squared with the very public way the Court excoriated me personally.

There is no basis for an order deeming the motion frivolous, enjoining me or from defending myself with the files I lawfully retained when departed the Sessions firm or sanctioning me for seeking to intervene.

As provided in ABA Formal Opinion No. 99-414, "A departing lawyer who is not continuing the representation may, nevertheless, retain copies of client documents relating to her representation of former clients, but must reasonably ensure that the confidential client information they contain is protected in accordance with Model Rules 1.6 and 1.9." I have proceeded in accordance with Rule 1.6.

Further, N.Y.C. Ethics Op. 2008-1 provides a right to treat the emails I sent and received as part of the documents related to the Credit One representation until such time as there are no longer any claims, grievances or suits to defend.

> Many e-mails generated during a representation are formal, carefully drafted communications intended to transmit information, or other electronic documents, necessary to effectively represent a client, or are otherwise documents that the client may reasonably expect the lawyer to preserve. These e-mails and other electronic documents should be retained…Some lawyers and

7

law firms may retain all paper and electronic documents, including e-mails, relating in any way to a representation, as a measure to protect against a malpractice claim. Such a broad approach to document retention may at times be prudent….

N.Y.C. Ethics Op. 2008-1.[4]

The bar referral(s) are sure to follow, and the court must allow me to defend myself here and in the ethics investigations to follow.

CONCLUSION

I have asked the court to make a formal decision on the record on the two branches of my motion and will proceed in the manner the court directs, but I will be unable to attend a hearing anytime next week (6/27/22-7/1/22).

The undersigned prays that the court deny the motion to strike and that it allow consideration of and grant Intervenor's motion to intervene for limited purpose and motion for in camera inspection only, or in the alternative, for leave to file under seal.

Date: June 24, 2022

                                                Respectfully submitted,

                                                /s/ Michael D. Slodov
                                                Michael D. Slodov, Esq.
                                                Javitch Block LLC
                                                1100 Superior Ave., 19th Floor
                                                Cleveland, Ohio 44114
                                                (direct)440-318-1073
                                                mdslodov@pm.me

---

[4] Online at https://www.nycbar.org/member-and-career-services/committees/reports-listing/reports/detail/formal-opinion-2008-01-a-lawyers-ethical-obligations-to-retain-and-to-provide-a-client-with-electronic-documents-relating-to-a-representation

8

## CERTIFICATE OF SERVICE

      I certify that on June 24, 2022, I caused the foregoing document(s) to be filed electronically with the Clerk of the Court using the CM/ECF System. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

Charles W. Juntikka
Charles Juntikka & Assoc., LLP
30 Vesey Street, Suite 100
New York, New York 10007

George F. Carpinello
Adam R. Shaw
Jeff Shelly
Boies, Schiller & Flexner LLP
30 South Pearl Street
Albany, NY 12207

Andrew Tomback
Chester R. Ostrowski
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
Email: ATomback@mclaughlinstern.com
Email: costrowski@mclaughlinstern.com

J. Christopher Shore
Colin West
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Email: cshore@whitecase.com
Email: cwest@whitecase.com


Date: June 24, 2022

                                                     /s/ Michael D. Slodov

# EXHIBIT 1

| | |
|---|---|
| **From:** | Michael D. Slodov |
| **To:** | Minkoff, Ronald |
| **Cc:** | Decter, Caren |
| **Subject:** | RE: Motion to intervene |
| **Date:** | Thursday, June 23, 2022 2:08:34 PM |

Ron,

This issue of what to do with my email communications relating to the Anderson representation is presently pending in front of Judge Drain in connection with my two-part motion filed June 21.

My declaration explained that what I presented for in camera review as attachments was intended to be representative of what all the emails showed; that what I attached to my declaration was the flat PDF and that I have both native and flat PDF versions of the emails and that I was prepared to address any other issue the court asks me to address. That may include turning over the entire file in the event the court requests it. In addition, as noted in my memo in support, in 2016, Plaintiff's counsel advised the court that he was going to request discovery of all my communications with Credit One and I expect that he may renew that request. That triggered a duty on my part to preserve all the communications. I did not believe then and I now know that Sessions does not represent my interests and likely would not have preserved my emails.

In that Judge Drain's jurisdiction has been invoked, I will let him decide what he wants to do. I doubt anything I say to you will assuage your client's anxiety, so please do not respond to this email; I will not respond back.

I'll review your citations but disagree with your underlying premise. I know I have other emails relating to the issue of copying and preserving emails related to the Anderson matter and will look for them and get back to you. In the interim, I suggest you refer to the other email I sent you, the one from 2016, stating "My PDF copies of my Inbox and Sent emails from SFNI are located in H:\MDS\sanctions-anderson, along with some emails saved in native .msg format." It is a little late to claim that the emails were not mine to copy or retain.

Moreover, beyond the citations in my motion to intervene (including *Meyerhofer*) also see ABA Formal Opinion No. 99-414 ("A departing lawyer who is not continuing the representation may, nevertheless, retain copies of client documents relating to her representation of former clients, but must reasonably ensure that the confidential client information they contain is protected in accordance with Model Rules 1.6 and 1.9"), and N.Y.C. Ethics Op. 2008-1 ("Many e-mails generated during a representation are formal, carefully drafted communications intended to transmit information, or other electronic documents, necessary to effectively represent a client, or are otherwise documents that the client may reasonably expect the lawyer to preserve. These e-mails and other electronic documents should be retained…Some lawyers and law firms may retain all paper and electronic documents, including e-mails, relating in any way to a representation, as a measure to protect against a malpractice claim. Such a broad approach to document retention may at times be prudent….").

I took a look at my audio recordings; I have three. One is of the oral argument in the Second

Circuit in the Anderson case from 2017. The other two concern calls I was on (while in Ohio) on October 4 and October 5. Your client was not a party to either call, so I am unwilling to provide them to you.

I truly did try to work collaboratively with Sessions before taking this step and was extremely disappointed that they would not agree to hold me harmless from any sanctions awarded, despite their promise that they would not ask me to pay for the sins of Credit One. I find their refusal reprehensible in light of what transpired in this case.

I am also offended by your suggestion that I have a duty under these circumstances to destroy the evidence of Credit One's misconduct and their own ratification of that misconduct.

I hope Judge Drain agrees.


Sincerely -

Michael D. Slodov
mdslodov@pm.me


------- Original Message -------
On Thursday, June 23rd, 2022 at 12:00 PM, Minkoff, Ronald <rminkoff@fkks.com> wrote:


>   Michael:


>   We disagree with your conclusions.


>   You seem to suggest that because you chose to download emails on the Sessions firm's (the "Firm's") email system onto a personal laptop, those emails – whether between the Firm and its counsel, Credit One and Sessions, or involving any other Sessions client somehow become your property, to do with as you please. I We suggest you review *Sage Realty Co. v. Proskauer Rose,* 91 N.Y.2d 30 (1997), which makes clear that emails are part of a firm's file and they are property belonging to either the client or the client's law firm. They do not belong to a former employee, absent client or firm (as the case may be) permission to take them. And you received no such permission. Your position would render the Sessions firm manual meaningless – although it makes clear that emails on the firm system belong to the firm, if your view prevailed that could be easily circumvented by any employee simply by downloading them onto a private device. That is an absurd result.


>   The "separation email" you attach does not address the ownership of emails, only

the ownership of your personal laptop.  The ethical rules noted in N.Y. State 1192 (2020), which you cite, do address your personal obligations to return others' property.  *See* N.Y. RPC 1.15(c)(4) (requiring lawyer to return property belonging to a third party).  We are simply asking you to comply with that simple, clear ethical obligation.  (N.Y. State 1192, which deals with abandoned files held by a dissolving law firm, is otherwise irrelevant.)

You skirt the question of how you justify the use of Sessions' emails with its counsel as being "reasonably necessary" for your defense of actions that took place before that counsel was even retained.  You also failed to answer our question as to whether you are in possession of recorded conversations.  We renew that request.

Thank you for acknowledging that FKKS was not your counsel; your papers do not make that clear, and we ask that you amend them to do so.

Finally, your email mis-states the discussions between me and Ms. Foti.  I told her on Saturday that Sessions would consider a cooperation arrangement, buttressed by a common interest agreement, in which the Firm would pay your legal fees (up to $50,000) based on a written statement of your position vis-à-vis the Firm's role in the case.  Any such agreement would take into account your position that you had asked that the Firm withdraw, but would not accept statements attacking the Firm that had been raised for the first time after the judge's recent decision, and which you had then retracted.  The real sticking point is that you were asking that the Firm indemnify you against the entire sanction, regardless of whether you were at fault.  The Firm would not do that.

The Firm has stated its willingness to payi Ms. Foti's fees incurred thus far, provided those fees ae reasonable.  We asked her to provide her fee information to us, and we have not heard from her.  Please ask her to contact me about that.

We renew our request that you destroy all Sessions or Credit One emails in your possession, that you certify that destruction, and that you amend your papers (or otherwise notify the Court) that we did not represent you personally.

Best,

**Ronald Minkoff** | Frankfurt Kurnit Klein & Selz PC

28 Liberty Street | New York, NY 10005
t: (212) 705-4837 | f: (347) 438-2112 | rminkoff@fkks.com

Frankfurt Kurnit Professional Responsibility
Blog: professionalresponsibility.fkks.com
New York Legal Ethics Reporter: www.newyorklegalethics.com

---

**From:** mdslodov@pm.me <mdslodov@pm.me>
**Sent:** Thursday, June 23, 2022 6:09 AM
**To:** Minkoff, Ronald <rminkoff@fkks.com>
**Cc:** Decter, Caren <cdecter@fkks.com>
**Subject:** RE: Motion to intervene

Ron

I disagree with your contention in point one.

As to point two, are mistaken. The Handbook section captioned "IT Resources and Communication Systems" states:

> SFNI's computers, networks, communications systems, and other IT resources are intended for business purposes only. It is the responsibility of each employee to adhere to IT security guidelines, including but not limited to the creation, format, and scheduled changes of passwords. All user names, pass codes passwords, and information used or stored on the Firm's computers, networks and systems are the property of SFNI.

I worked out of my home in Chagrin Falls, SFNI never provided me a computer, network, or communication system or software, and all my work was created stored maintained on my own PC, and then – in this case- copied to Sessions system.

See emails attached.

Further, in the face of your written allegation that my declaration and disclosure was not reasonably necessary for my defense, and in light of NY Ethics Opinion 1192, I intend to retain the records indefinitely.

As to point three, I know you do not represent me personally, nor do paragraphs 15-16 suggest the contrary. I have a copy of your October 20, 2016 retention letter addressed to me.

Finally, regarding the matter of my retention of Ms. Foti after Mr. Israel and Mr. Schultz promised to pay for her services rendered to me up to $50,000 (with no additional stated conditions) and then refused to sign her retention letter unless I agreed to the additional condition that I agree not to implicate them , please advise if Sessions will be paying Ms. Foti's bill for the time I employed her.

Regards,

Michael D. Slodov

mdslodov@pm.me

---

**From:** Minkoff, Ronald [mailto:rminkoff@fkks.com]
**Sent:** Wednesday, June 22, 2022 4:44 PM
**To:** Michael D. Slodov <mdslodov@pm.me>
**Cc:** Decter, Caren <cdecter@fkks.com>
**Subject:** Motion to intervene

Michael:

We are greatly disturbed by your motion. While we have many concerns about it – and this email is not intended to waive any of those concerns – there are

three items we want to address immediately.

*First,* your motion contains attorney-client privileged information that was submitted to the Court—and sent to Credit One's opposing counsel—in violation of Rule 1.6. The emails you provide involving communications with our firm took place after the judge had already decided, at the September 2016 conference, that you had committed misconduct. The disclosure of those email communications is simply not "reasonably necessary" to support your defense.

*Second,* you are not permitted to have copies of these privileged documents – or indeed any emails relating to the *Anderson* case -- in the first place. As set forth in the Session Firm's handbook [at 5], all "information used or stored on the Firm's computers, networks, and systems are the property of [the Firm]." If you have proof that you received written permission from the Firm to take and keep those documents, please provide it. Otherwise, you must immediately destroy all copies of these emails and other Firm property or client files you are not permitted to have, and provide a written certification that you have done so. Also, please let us know whether you have tapes of calls with Credit One employees or their lawyers; Credit One is entitled to know that, and so is the Firm. If such recordings exist, they should be provided to the Firm.

*Third,* Paragraphs 15 and 16 of your Declaration suggest that me and my firm were retained to represent you personally. That is not so. The retainer letter we sent to you, on behalf of the Firm, on October 20, 2016 is very explicit on this point: "You [a defined term meaning the Firm] understand and agree that, in connection with this engagement, [Frankfurt Kurnit Klein & Selz, P.C.] represents *only Sessions* and does not represent any individuals or other entities, *including Michael Slodov or any of its members.*" (Emphasis added). Please refrain from representing to the Court or anyone else, directly or by implication, that we provided advice to you in your personal capacity.

We trust that you will immediately comply with these requests. We and the Firm reserve all rights.

Best,

Ron

**Ronald Minkoff** | Frankfurt Kurnit Klein & Selz PC
28 Liberty Street | New York, NY 10005
t: (212) 705-4837 | f: (347) 438-2112 | [rminkoff@fkks.com](mailto:rminkoff@fkks.com)

Frankfurt Kurnit Professional Responsibility
Blog: [professionalresponsibility.fkks.com](http://professionalresponsibility.fkks.com)
New York Legal Ethics Reporter: [www.newyorklegalethics.com](http://www.newyorklegalethics.com)

# EXHIBIT 2

Toggle navigation  Javitch Block

- Secure Messages
    - Compose
    - Inbox
    - Sent
    - Download Log
- File Requests

- Account Settings
- Logout
- Help
- 
    - Account Settings
    - Logout

Michael Slodov <MSlodov@jbllc.com>

# Private Message

Message ID
: oMvTDb8sg0epgvlLBIiQjx

From
: MSlodov@jbllc.com

To
: cwest@whitecase.com

Cc
: atomback@mclaughlinstern.com

Bcc
: (BCCs will not be shown to recipients)

Subject
: Anderson v Credit One

Authorization
: Only Specified Recipients can access

Message Expires
: July 08, 2022

Reply

Attached Files

- 2022_6_10_Letter to Judge Drain.zip (35 MB) Checksum (SHA256): 338be4c92c886bf05cfca1d02733029d7b1e548863187ac6b8f0abf60327715f

Message

Per our discussion today, see draft letter to Judge Drain and materials in the zip file.

Note, I have not finished the letter and reserve the right to edit it before submitting to the judge. I do intend to copy you and the attorneys at Sessions on the letter and no one else.

The emails and materials accompanying the zip file are not intended to be sent at the same time as the letter, but are illustrative of my position on the allocation question and i envision them getting submitted in the manner the judge directs. The draft declaration included in the zip file began as possible attachment to the post hearing brief in October 2016, but became more of a catalog of the discovery issues.

Please confirm receipt.

Javitch, Block LLC is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector. The information on this website and in any attachments hereto is private, confidential and intended solely for the attention and use of the addressee(s); it constitutes a communication from a debt collector; federal law prohibits interception, unauthorized disclosure, use, and access to this communication; disclosure of the contents, substance, purport, or meaning of this communication to any person without the sender or intended addressee's permission is expressly prohibited. If you are not an intended recipient of the file transfer, please notify the sender and then delete it from your system.

×

## Invite User

You can invite users to share files with you. When you've submitted their details, they will receive a signup request email with instructions how to complete the signup process.

Name
[Full Name]

Email

Message

☐ Send a copy to myself

[Close] [Send Invite]