UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE ORRIN S. ANDERSON,<br><br>　　　　　Debtor, | ) Chapter 7<br>)<br>)<br>) Case No. 14-22147 (RDD)<br>)<br>)<br>)<br>) |
| ORRIN S. ANDERSON, A/K/A ORRIN ANDERSON, A/K/A ORRIN SCOTT ANDERSON,<br><br>Debtor and Plaintiff on behalf of himself and all others similarly situated,<br><br>　　　　　v.<br><br>CREDIT ONE BANK, N.A.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>) Adv. Pro. No. 15-08214 (RDD)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING, IN PART, CREDIT ONE BANK, N.A.'S
<u>MOTION TO SEAL AND ADDITIONAL RELIEF</u>**

Upon Credit One Bank, N.A.'s ("Credit One") *Emergency Motion to Strike Michael D. Slodov's Motion, or in the Alternative, to Seal Michael D. Slodov's Motion* (Adv. Proc. D.I. 182) (the "Credit One Motion"); and the Court having jurisdiction over this matter under 28 U.S.C. §§ 157(a)-(b) and 1334(b); and the Court having determined that there was due and sufficient notice of the Credit One Motion under the circumstances; and upon all of the pleadings filed in connection with Credit One Motion, including all of the objections thereto, and the record of the hearing held by the Court on the Credit One Motion on June 27, 2022; and, after due deliberation and for the

reasons stated by the Court in its bench ruling at the conclusion of the hearing, the Court having determined that the Credit One Motion should be granted to the extent set forth herein, in addition to the additional relief set forth herein; and upon the Court's review of (a) the letter to the Court from counsel for Credit One describing certain additional paragraphs of the Slodov Motion (defined below) that potentially violate the attorney-client privilege and (b) the proposed forms of this Order submitted by counsel for Credit One and counsel for Plaintiff; now, therefore, good and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The publicly-filed *Memorandum in Support of Motion to Intervene for Limited Purpose and Motion for Leave to Submit Evidence For In Camera Inspection Only, or in the Alternative, For Leave to File under Seal* and redacted *Declaration of Michael D Slodov*, dated June 21, 2022 (Adv. Proc. D.I. No. 180) (the "Slodov Motion") shall be replaced by a version of the Slodov Motion which redacts the additional paragraphs identified in the Credit Motion and Credit One's counsel's post-hearing letter to the Court (Declaration ¶¶ 42-43, 45, 48, 69, 89, 106-107, 111-112, 114-115, 124-128, and 134) (the "Additional Redacted Material") that contain attorney-client communications over which Credit One asserts privilege. Mr. Slodov's public filing of the Additional Redacted Material did not constitute a waiver of Credit One's privilege. The corrected Slodov Motion with the additional redactions is attached hereto as Exhibit A. Counsel for Credit One is authorized to file Exhibit A on the public docket of this adversary proceeding in place of the Slodov Motion, and the Clerk of the Court is directed to remove the Slodov Motion from the public docket of this adversary proceeding.

2. The unredacted Slodov Motion and supporting materials attached thereto that were submitted by email to the Court, copying Plaintiff's counsel (the "Unredacted Intervention

Papers"), included a substantial amount of material over which attorney-client and other privilege has been asserted. Mr. Slodov's filing of the Slodov Motion and submission of the Unredacted Intervention Papers did not constitute a waiver of such privilege(s) by the privilege holder(s).

3. Mr. Slodov shall not make any use of the Unredacted Intervention Papers, the Additional Redacted Material, or any other material that is arguably subject to attorney-client privilege, including by filing such material with the Court, until permission to do so is obtained from the Court, on notice to Credit One; Sessions, Israel & Shartle, LLC (f/k/a Sessions, Fishman, Nathan, & Israel LLC); and the Plaintiff (the "Notice Parties"). Under no circumstances shall Mr. Slodov submit any portion of the Unredacted Intervention Papers or the Additional Redacted Material to the Court or to any other party, or disclose it publicly, without the prior permission of the Court.

4. Plaintiff's counsel, consistent with the Protective Order, shall segregate the Unredacted Intervention Papers and the Additional Redacted Material and shall not make use of such material unless authorized to do so by this Court on notice to Mr. Slodov and the Notice Parties.

5. Any party seeking permission from the Court to use the information contained in the Unredacted Intervention Papers and/or the Additional Redacted Material may refer to such information generically on the public docket but must take appropriate steps to avoid public disclosure of any information therein that may be subject to applicable privilege held by another before obtaining permission of this Court to do so. All Notice Parties and Mr. Slodov shall consult with the other parties and where warranted seek a conference with the Court to coordinate the proposed timing and use of any information from the Unredacted Intervention Papers and/or the

Additional Redacted Material or any other arguably privileged information so as to avoid the unnecessary use of potentially privileged information.

6. All parties, including Mr. Slodov and Sessions, Israel & Shartle, LLC (f/k/a Sessions, Fishman, Nathan, & Israel LLC) must preserve, and not destroy, relevant records in their possession, custody and control.

7. The Court shall retain jurisdiction with respect to all matters arising from or related to implementation or interpretation of this Order.

Dated: White Plains, New York  
      June 30, 2022

*/s/Robert D. Drain*  
**UNITED STATES BANKRUPTCY JUDGE**