# Exhibit B

George F. Carpinello, Esq.
Adam R. Shaw, Esq.
Jenna C. Smith, Esq.
BOIES, SCHILLER & FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, NY  12207
(518) 434-0600

Charles Juntikka, Esq.
CHARLES JUNTIKKA & ASSOCIATES LLP
247 West 30th Street, 12th Floor
New York, NY  10001
(212) 315-3755

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE ORINN S. ANDERSON,<br><br>        Debtor, | |
| ORINN S. ANDERSON, A/K/A ORINN ANDERSON, A/K/A ORINN SCOTT ANDERSON,<br><br>        Debtor and Plaintiff on behalf of himself and all others similarly situated,<br><br>  v.<br><br>CREDIT ONE BANK, N.A.<br><br>        Defendant. | Chapter 7<br>Case No. 14-22147 (RDD) |

**SECOND AMENDED CLASS ACTION ADVERSARY COMPLAINT**

1.     Plaintiff, Orinn S. Anderson, on behalf of himself and all others similarly situated, brings this Complaint, by and through his attorneys, for declaratory judgment, injunctive relief and damages arising out of the Defendant's systematic practice of violating the discharge

injunction under Section 524(a)(2) of the Bankruptcy Code, 11 U.S.C. Sections 101 *et seq*. by acting to collect discharged debts through their failure to update and correct credit information to credit reporting agencies to show that such debts are no longer due and owing and that they have been discharged in bankruptcy.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in U.S.C. § 157(b)(2)(A) and (O).

3. Venue is properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant resides in this District within the meaning of § 1391(c)(2), Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. Plaintiff Orinn S. Anderson resides at 215 South 9th Avenue, Mount Vernon, Westchester County, New York.

5. Upon information and belief, Credit One Bank, N.A. is a banking association existing under the laws of the United States with a place of business in Las Vegas, Nevada and engages in continuous business within the State of New York.

6. Credit One Bank, N.A. is referred to herein as "Defendant."

7. The debt Plaintiff previously owed to Defendant were reporting to the credit reporting agencies as owed to "Credit One Bank."

## BACKGROUND

8. This Complaint alleges that Defendant has violated § 524(a)(2) of the Bankruptcy Code because it has willfully attempted to collect on discharged debts. Specifically: (1)

Defendant was aware of Plaintiff's discharge in bankruptcy and the discharge of the debts Plaintiff owed to Defendant; (2) Defendant was aware that it was reporting on the status of Plaintiff's accounts incorrectly; (3) Defendant had the ability to update or correct its reporting on the status of Plaintiff's accounts after Plaintiff received the bankruptcy discharge; and (4) Defendant willfully failed to update or correct Plaintiff's and other Class Members' credit reports because it has adopted a policy of not updating credit information for debts that are discharged in bankruptcy for the purpose of collecting such discharged debt.

9. Even after Plaintiff contacted Defendant in September 2014, Defendant has not changed its policy and continue to refuse to update tradeline information it knows is false and detrimental to the "fresh start" that debtors are entitled to receive from the Bankruptcy Code. This continued policy of refusing to update the bankruptcy status of discharged accounts constitutes willful acts to collect discharged debts.

10. Defendant has a deliberate policy of refusing all debtor requests to update credit reports with regard to debts discharged in bankruptcy for accounts sold prior to the filing of the bankruptcy. This refusal policy applies to all accounts sold prior to the filing of bankruptcy.

11. Upon information and belief, Defendant's refusal policy also applies to accounts that Defendant has not sold prior to filing of the bankruptcy.

12. Defendant's failure to update credit reports is not a matter of inadvertence; it is a willful policy of attempting to lay a trap for Plaintiff and other Class Members until the point that they need an accurate credit report, and they cannot obtain such a credit report without paying on a discharged debt.

13. By refusing to correct former debtors' credit information to reflect that their debts have been discharged in bankruptcy, Defendant enhances the value of the debt they sell to third

3

parties because third parties will pay Defendant more for delinquent debts if the third party knows that Defendant will not update the debtors' credit reports to list the debt as discharged in bankruptcy. Furthermore, since Defendant and its debt purchasers understand that they are prohibited by the Bankruptcy Code from contacting the discharged debtors, they know that their sole method of debt collection is the coercive effect of the negative credit reporting that will pressure the discharged debtors to pay the debt and / or pressure the discharged debtors to contact Defendant or the debt purchasers who can then exert further pressure to pay the debt.

14. Upon information and belief, Defendant has a direct financial interest in the collection of discharged debts, including Plaintiff's debts, because they retain a percentage interest in amounts paid by the discharged debtors directly to Defendant.

15. Defendant also act as agents for the third-party debt purchasers after the sale by forwarding to the debt purchasers amounts paid by the discharged debtors directly to Defendant.

**PLAINTIFF ORINN ANDERSON**

16. Plaintiff Anderson repeats and realleges the allegations in Paragraphs 1 - 15 as if fully set forth herein.

17. Plaintiff Anderson is among many thousands of persons in the United States who have filed bankruptcies pursuant to Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court. Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of bankruptcies, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged as non-dischargeable by one of the creditors in a related adversary proceeding. Plaintiff Anderson and the Class Members are persons for whom the debts at issue herein have been discharged through bankruptcy.

18. Prior to July 2011, Plaintiff Anderson incurred a debt with Defendant.

19. Sometime after July, 2011, the debt became delinquent and in May, 2012 "Credit One Bank," with the address of P.O. Box 98872, Las Vegas, Nevada 89193-8872, filed credit information with the credit reporting companies noting that the debt was delinquent.

20. Thereafter, Defendant reported the debt as "charged off."

21. On January 31, 2014, Plaintiff Anderson filed a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code.

22. On or about May 6, 2014, this Court entered an Order discharging Plaintiff's debts including the debts owed to Defendant.

23. On May 8, 2014, this Court notified Defendant of the discharge of Plaintiff's debt to Defendant.

24. On or about August 23, 2014, Plaintiff Anderson obtained his Trans Union and Equifax credit reports, which showed the words "charged off" next to the discharged account at issue in the current status of the credit reports. The credit reports showed no indication that the account had been "included in bankruptcy." The account in question was not subject to a reaffirmation agreement with Defendants or an adversary proceeding brought by Defendant.

25. From September 22, 2014 until today, Defendant has rejected Plaintiff Anderson's demand that his credit report be updated to remove the erroneous "charge off" on his discharged debt.

26. Defendant was placed on notice of the inaccuracy of the credit report and of Plaintiff Anderson's demand that Defendant delete the erroneous "charge off" on the discharged debt on his credit report when Plaintiff called Defendant and requested that it remove the

5

"charge off" on September 22, 2014. Even after the notice, Defendant took no action to correct Plaintiff Anderson's credit information.

27. The erroneous "charge off" remains on the Plaintiff Anderson's credit reports.

28. At some point in time, currently unknown, Defendant assigned Plaintiff Anderson's debt to a third party.

29. Upon information and belief, Defendant agrees to act as agent for the third party in the collection of such debt. As agent, Defendant forwards to the third party all amounts collected by Defendant on debts sold to the third party.

30. Defendant also has a direct financial interest in the collection of Plaintiff Anderson's discharged debt. Upon information and belief, Defendant keeps a percentage of all the amounts collected by Defendant on debts sold to the third party that are collected by Defendant.

31. In addition, Defendant has another direct financial interest in the collection of Plaintiff Anderson's discharged debt because third party purchasers are willing to pay more for Defendant's discharged debt portfolio because they know they can collect on discharged debts.

32. Plaintiff Anderson's credit reports list the subject debt only in the name of "Credit One Bank," not in the name of any third party. No third party debt buyer is listed anywhere on Plaintiff Anderson's credit reports.

33. Upon information and belief, the credit reporting agencies will not permit the third parties to make any change in a tradeline listing Defendant as the creditor.

34. Thus, Defendant is aware that only it can effect a change in Plaintiff Anderson's tradeline to correctly reflect that the debt has been discharged in bankruptcy. Yet, it continues its policy of not updating credit reports and has refused Plaintiff Anderson's request to do so.

35. Defendant's refusal to correct the tradeline referring to this discharged debt has an adverse effect on Plaintiff Anderson because he is being denied his fresh start provided by the bankruptcy discharge and he is aware that his ability to obtain credit, housing, students loans or employment is adversely affected by the erroneous credit information.

## THE CLASS INCLUDING THE PLAINTIFF

36. Plaintiff repeats and realleges the allegations in Paragraphs 1 - 35 as if fully set forth herein.

37. Defendant is a creditor regularly engaged in the business of extending credit to Plaintiff and other members of the Class.

38. In the ordinary course of business, Defendant's debtors who are enduring financial hardship fall behind on their payments on Defendant's credit accounts. Prior to the filing of any personal bankruptcies, Defendant, its collection agencies or delinquent debt companies that purchase Defendant's debt, act to collect these past due debts by threatening in dunning letters to place a "charge off" or other similar "past due" notations on the debtors' credit reports.  Said letters threaten to ruin the debtors' credit unless they pay the past due debt. Defendant, its debt collectors and delinquent debt companies that purchase Defendant's debt also act to collect these past due debts by promising in dunning letters to remove the "charge off" or other "past due" notations on the debtors' credit reports to show that the past due debts have been paid if the debts are paid.

39. In the ordinary course of business, Defendant issues reports to credit reporting agencies as to the current status of debts incurred by individuals whom Defendant has extended credit.  It is also an entity which regularly and, in the ordinary course of business, furnishes

7

information to one or more credit reporting agencies about its transactions and experiences with consumers.

### DEFENDANT HAS KNOWLEDGE OF THE DISCHARGE OF PLAINTIFF'S DEBT AND THAT OF OTHER CLASS MEMBERS

40.     Defendant has knowledge of when its past due debts and delinquent accounts are discharged because it receives a discharge notice from the U.S. Bankruptcy Court. Defendant received such notice of the discharge of Plaintiff's debts to Defendant.

41.     Since 2004, upon information and belief, Defendant has had knowledge of the fact that a very large number of discharged debtors have notified them of legal claims including lawsuits alleging that the Defendant has a willful policy of not updating sold accounts and certain other accounts to remove the charge off or other negative information from their credit reports in violation of the discharge injunction.

42.     Upon information and belief, Defendant, and the responsible individuals who were or are in authority to change the Defendant's policy for credit reporting policies, were (1) aware of the knowledge alleged in the foregoing paragraphs and in the other paragraphs of this complaint; and (2) willfully decided to not update the credit reports of the Plaintiff and the other class members for the purpose of obtaining a monetary benefit for Defendant or Defendant's third party purchasers of delinquent debt.

### DEFENDANT KNOWS THAT REPORTING ON PLAINTIFF'S DEBT AND THAT OF OTHER CLASS MEMBERS IS ERRONEOUS

43.     Defendant knows that credit reporting agencies continue to report Plaintiff's discharged debt and those of other Class Members as "charged off." Defendant is aware of this fact because it regularly reports to the credit reporting agencies and has access to this data, and

8

can learn at any time the status of a tradeline that reports the Defendant as the creditor. It also knows because Plaintiff Anderson told Defendant that his report was erroneous.

44. Defendant also knows that, without correction by Defendant, the tradeline will not be changed because it is not the practice of credit reporting agencies to make such changes if the debt has been transferred by the original creditor.

45. Further, upon information and belief, Defendant has specific knowledge that the information in the credit reports will not be changed unless it does so because it has agreements with the purchasers of delinquent debt that the purchasers of such debt will not change credit lines that list Defendant as the creditor.

46. Defendant also continues to engage in regular transactions with debtors whose debt has been sold to third-party purchasers because Defendant forwards to such purchasers payments it received on sold debts. Defendant knows that a significant amount of payments will be made to it, rather than the third-party purchasers, because the tradelines remain in the name of "Credit One Bank". The name of the third party debt purchasers generally does not even appear on the credit reports just as no debt purchaser appears on the Plaintiff's credit reports in this case.

47. Upon information and belief, the credit reporting agencies will not permit third party debt purchasers to make any change in any tradelines for accounts listed by the original creditors. In this case, the original creditor on the tradeline is "Credit One Bank." Thus, Defendant has knowledge that the credit information that it has placed on Plaintiff's and other Class Members' credit reports is and continues to be inaccurate.

### DEFENDANT HAS THE ABILITY TO CORRECT ITS REPORTING ON THE STATUS OF PLAINTIFF'S ACCOUNT AFTER IT RECEIVES NOTICE OF A BANKRUPTCY DISCHARGE

9

48.     Defendant has the ability to correct or delete the credit information that indicates that Plaintiff's subject debt is still "charged off." Banks and other lending institutions such as Defendant have the ability to delete or correct erroneous tradelines, even when those debts have been transferred to third parties.

49.     Many banks and other creditors routinely delete or correct tradelines to reflect discharges in bankruptcy, even when those debts have been transferred. Defendant knows it has the ability to correct these tradelines but have continued to not update its credit reports and refused the requests of the Plaintiff and all other Class Members who have asked them to do so.

### DEFENDANT'S CONDUCT IS WILLFUL

50.     Despite the fact that Defendant has received notice of the discharge of Plaintiff's and each Class Member's debt to Defendants, Defendant has a deliberate policy of not notifying credit reporting agencies that debts formerly owing to Defendant are no longer "charged off" or currently still due and owing because they have been discharged in bankruptcy. As result of Defendant's policy of not updating the accounts at issue with the credit reporting agencies, debts that have been discharged in bankruptcy are listed on Class Members' credit reports as "past due" and/or "charged off." These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt and that debt may be subject to collection. These notations adversely affect Plaintiff's and every Class Member's ability to obtain credit or employment and have the inherent coercive effect of inducing Plaintiff and all other Class Members to make payment on the debt.

51.     Defendant has willfully continued the policy of not updating the Plaintiff's credit reports and the credit reports for all members of the prospective class until the present day.

52. On information and belief, other large credit card issuers update their sold accounts to reflect that the credit account was discharged in virtually every case.

53. Many debtors whose debts have been discharged in bankruptcy have advised Defendant of its failure to update the information on its credit reports to show that their debts have been discharged to bankruptcy. These debtors have requested that Defendant remove the past due notations from their credit reports. Defendant has refused to do so.

54. Defendant has a deliberate policy of refusing the debtors' requests to remove "charge offs" and other similar "past due" notations from Defendant's debts that were sold prior to the filing of the bankruptcy from the debtors' credit reports. As a result, the credit reports of these individuals and of all Class Members incorrectly show their indebtedness to Defendant to be collectible.

55. Even in response to notices from Class Members that information contained in their credit reports was inaccurate, Defendant has refused to correct erroneous credit information. In fact, Defendant has advised former debtors that, unless they pay the discharged debt, the credit reports must reflect that the debt was "charged off" or similar language for seven (7) years. This policy of refusing all requests by discharged debtors who ask that that Defendant remove charge offs from their credit reports independently establishes that Defendant is willfully acting to collect discharged debts by not updating credit reports.

56. Upon information and belief, Defendant has also received requests from time to time from the credit reporting agencies that Defendant verify that the debt owed by Plaintiff and Class Members were discharged in bankruptcy to which Defendant has responded that the debts were still due and owing, despite Defendant's knowledge that such debts have in fact been discharged in bankruptcy.

11

57. Defendant knows that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings, including that of Plaintiff, and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to reestablishing their life after going through bankruptcy.

58. Defendant has chosen not to advise the credit reporting agencies of the fact that Plaintiff's and other Class Members' debts have been discharged because Defendant continues to receive payment or a monetary benefit either directly or indirectly on discharged debts. This policy has been applied to Plaintiff, even though Defendant knows that only it can correct the erroneous credit information relating to Plaintiff. This results from the fact that Class Members, including Plaintiff, in order to obtain favorable credit or credit at all, often feel it necessary to pay off the debt despite its discharge in order to remove the inaccurate information from their credit reports.

59. This belief is intentionally reinforced by Defendant itself when Class Members contact Defendant asking it to correct the erroneous credit information. Thus, upon information and belief, when a Class Member needs to rent a car, obtain employment or rent an apartment, or other similar transactions, and they are advised by Defendant that Defendant will not remove the erroneous information unless they pay the debt, Class Members often pay that debt despite the fact that it has been discharged in bankruptcy. Thus, Defendant knows that it is obtaining repayment on debts that have been discharged in bankruptcy.

60. Class Members often believe that they must pay the debt in order to remove it from the credit reports because they are often advised prior to bankruptcy by Defendant and collection agencies that, if their debt is marked as charged off, it will dramatically affect their credit rating and will severely impact their ability to receive credit in the future.

61. The Plaintiff is in possession of collection letters mailed by Defendant to class members – prior to the bankruptcy filing – stating that "charge offs" will ruin their ability to obtain credit and conversely promising to remove the "charge off" if they pay the delinquent debt in full. Consequently, Defendant is fully aware that its deliberate failure to update a discharged debtor's discharged account coerces the debtor to pay said account.

62. Defendant has adopted a pattern and practice of failing and refusing to update credit information with regard to debts discharged in bankruptcy because it sells those debts and profits by the sale. Defendant knows that if the credit information is not updated many Class Members will feel compelled to pay off the debt even though it is discharged in bankruptcy. The purchasers of Defendant's delinquent debt are aware of the foregoing facts. Thus, purchasers of Defendant's debt know, and are willing to pay more for the fact that, purchasers will be able to collect portions of Defendant's sold debt despite the discharge of that debt in bankruptcy.

63. Acting as agent for the third-party purchasers to whom Defendant has sold the debts, Defendant forwards to such purchasers payments received from former debtors who feel compelled to pay off discharged debts as the only means of correcting the erroneous credit information that Defendant refuses to correct and upon information and belief, Defendant keeps a percentage of amounts received on discharged debts.

64. Defendant therefore has a clear economic incentive to violate the discharge injunction of § 524(a)(2).

65. In addition, Defendant is on notice that this Court and others have found that Defendant's conduct is likely in violation of § 524(a)(2). *See McKenzie-Gilyard v. HSBC Bank Nevada, N.A.,* 388 B.R. 474 (Bankr. E.D.N.Y. 2007); *Torres v. Chase Bank USA, N.A.*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007); *In Re Russell*, 378 B.R. 735 (Bankr. E.D.N.Y. 2007). Despite this

13

notice, Defendant has willfully, recklessly or negligently failed to correct its practice of failing to update credit information of Class Members including Plaintiff to show that debts have been discharged in bankruptcy.

66. Defendant's actions constitute a violation of 11 U.S.C. § 524(a)(2), which provides that a discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, the employment or process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.

67. Defendant's conduct is in bad faith, is vexatious and oppressive and is done with full knowledge that it is in violation of the law.

68. Defendant's persistent refusal to provide updated credit information to the credit reporting agencies that Plaintiff's and Class Members' past due debts to Defendant are no longer "charged off" or "past due" because they have been discharged in bankruptcy is knowing and willful and constitutes a contempt of the statutory injunction of § 524(a)(2).

69. Defendant's persistent refusal to provide updated credit information to the credit reporting agencies that Plaintiff's and Class Members' past due debts to Defendant are no longer "charged off" or "past due" because they have been discharged in bankruptcy was perpetuated and prolonged by Defendant's persistent, willful and contumacious disregard for the rules of discovery in this action and by its willful misrepresentations to this Court and its willful violations of Court orders.

**THIS ACTION SHOULD BE MAINTAINED AS A CLASS ACTION**

70. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 - 69 as if fully set forth herein.

71. Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, after May 3, 2007, have had a consumer credit report relating to them prepared by any of the credit reporting agencies in which one or more of their Tradeline accounts or debts with Defendant was not reported as discharged despite the fact that such debts had been discharged as a result of their bankruptcy under Chapter 7 of the Bankruptcy Code.

72. Plaintiff seeks certification of a national class for declaratory, injunctive, monetary, and restitutionary relief ("National Class") and a class limited to the Southern District of New York for relief for contempt for violation of § 524 and the class members' individual discharge orders ("Southern District Class").

73. <u>Ascertainability / Numerosity</u>: This Class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria contained in the records of Defendant and the various credit reporting agencies. On information and belief, there are many thousands of members of the Class, and therefore would be impractical to bring all or even a substantial portion of such persons before this Court as individual plaintiff.

74. <u>Typicality</u>: The claims of the named Plaintiff is typical of the claims of each member of the Class they seek to represent because: (1) they all had debts owed to Defendant that were discharged in Chapter 7 bankruptcy; (2) they have all been injured by Defendant's refusal to remove the notation "charged off" or "past due/charged off" or similar notations despite the fact that the debts have been discharged in bankruptcy; and (3) each of their claims is based upon the same legal theory, *i.e.*, that Defendant have violated the injunction contained in § 524(a)(2).

75. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class he seeks to represent because: (a) they are willing and able to represent the proposed class and

15

have every incentive to pursue this action to a successful conclusion; (b) their interests are not in any way antagonistic to those of the other Class Members; and (c) they are represented by counsel experienced in litigating significant bankruptcy issues, including the issues specifically raised in this action, and who has represented literally hundreds of individuals who have experienced similar failures by Defendant and other institutions to comply with the injunction of § 524(a)(2).

76.    <u>Commonality</u>:  There are several questions of law and fact common to all members of the Class.  The primary question of law and fact that is common to all members of the class is whether Defendant, in failing and/or refusing to update and correct the credit reports of Class Members, has acted knowingly and willfully in violation of § 524(a)(2).

77.    <u>Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(2) and Bankruptcy Rule 7023</u>:  Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2) and Bankruptcy Rule 7023 because Defendant has acted and/or refused to act on grounds generally applicable to the entire class, thereby making declaratory and final injunctive relief appropriate.  Such generally applicable grounds consist of Defendant's conduct in failing and refusing to update and correct the current reports of Class Members to properly designate that the Class Members' debts have been discharged in bankruptcy pursuant to the order of this and similar courts.

78.    <u>Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3) and Rule 7023</u>: Class certification of the Plaintiff's claims for willful failure to update or correct the credit reports of Class Members in violation of § 524(a)(2), is appropriate under Fed. R. Civ. P. 23(b)(3) and Bankruptcy Rule 7023.  The common question of law and fact relating to Plaintiff's claims predominate over any questions affecting only individual Members of the Class.

16

Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims. For the overwhelming majority of Members of the Class, the amount of any potential recovery is too small to justify the cost of prosecuting each claim individually.

79. Moreover, Defendant's violation of the injunction of § 524(a)(2) is widespread and literally nationwide. Further, requiring each Class Member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## FIRST CAUSE OF ACTION

**Declaratory, Injunctive, Monetary, and Restituionary Relief**
**(On Behalf of Plaintiff and All Class Members)**

80. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 - 79 as if fully set forth herein.

81. Plaintiff and the national class are entitled to a declaration pursuant to 28 U.S.C. §§ 2021 and 2022 that Defendant is in violation of § 524 by attempting to collect on a discharged debt.

82. Pursuant to its statutory and inherent authority, this Court may award appropriate injunctive, monetary and restitutionary relief and attorney's fees and costs for Defendant's violation of § 524(a)(2), their collection on discharged debts and their contumacious conduct before this Court.

## SECOND CAUSE OF ACTION

**Failure to Abide By the Injunction Contained In § 524(a)(2)**
**(On Behalf of Plaintiff and All Class Members)**

83. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 - 79 as if fully set forth herein.

84. By knowingly and willfully failing to update the credit reports of Plaintiff and the Southern District Class Members to signify the debts owing to Defendant has been discharged in bankruptcy Defendant has violated § 524(a)(2) and are in contempt of this Court.

**WHEREFORE**, Plaintiff respectfully prays:

1. That the practices of Defendant be declared to be in violation of the rights of Plaintiff and all Class Members under the Bankruptcy Code and, for Plaintiff and the Southern District Class Members, a contempt of the statutory injunction set forth in § 524(a)(2).

2. That a permanent injunction be entered requiring Defendant to immediately correct and update the credit reporting records of all Class Members by removing any negative notations such as "charge off", "past due", "late" or any other notations that indicate that the discharged accounts have a current status of being still due and owing and update all such records on a permanent basis.

3. That the Court enter an Order certifying all the claims of the Southern District Class alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and Bankruptcy Rule 7023 for willful violation of the injunction set forth in § 524(a)(2); and an Order certifying the declaratory, injunctive, monetary, and restitutionary claims of the National Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and Bankruptcy Rule 7023.

4. That this Court order that Defendant be held in contempt of court for their willful violation of the injunction set forth in § 524(a)(2), and that they be assessed damages, fines, penalties and punitive damages in amounts to be determined by the Court.

5. That Defendant be ordered to disgorge and pay to the individual Class Members all funds received by Defendant or by any purchasers of Defendant's debt on debts that were discharged in bankruptcy or were the subject of a bankruptcy proceeding before such payment was made by the Class Members.

6. That Defendant be ordered to pay to all National Class Members sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure for their contumacious conduct before the Court.

7. That this Court award Plaintiff and the Class the costs of this action together with reasonable attorney's fees as the Court may determine.

8. That the Plaintiff and Class Members be awarded such other and further relief as may be found appropriate and as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 28, Plaintiff hereby demand a trial by jury on all issues so triable if this Court determines that any issue in this matter is appropriate for a jury trial.

Date:  December 15, 2023           By:    /s/ *Adam R. Shaw*

**BOIES, SCHILLER & FLEXNER LLP**
George F. Carpinello
Adam R. Shaw
Jenna C. Smith
30 South Pearl St., 11th Floor
Albany, NY 12207
(518) 434-0600

**CHARLES JUNTIKKA & ASSOCIATES LLP**
Charles Juntikka
247 West 30th Street, 12th Floor
New York, NY  10001
(212) 315-3755

*Attorneys for Plaintiff Orinn S. Anderson*