# Exhibit C

```
                  UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF NEW YORK


IN RE:                           .   Case No.  14-22147-rdd
                                 .
ORRIN S. ANDERSON,               .   Chapter 7
                                 .
             Debtor.             .
. . . . . . . . . . . . . . . . .
                                 .
ORRIN S. ANDERSON, on behalf.        Adv. Proc. 15-08214-rdd
of himself and all others        .
similarly situated,              .
aka ORRIN ANDERSON,              .
aka ORRIN SCOTT ANDERSON,        .
                                 .
             Plaintiff,          .
                                 .
      v.                         .
                                 .   300 Quarropas Street
CREDIT ONE BANK, N.A. and        .   White Plains, NY 10601
CREDIT ONE FINANCIAL,            .
                                 .   Thursday, November 10, 2016
             Defendants.         .   11:20 a.m.
. . . . . . . . . . . . . . . . .


              TRANSCRIPT OF CASE STATUS CONFERENCE
              BEFORE THE HONORABLE ROBERT D. DRAIN
              UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Defendants:      White & Case LLP
                         By:  J. CHRISTOPHER SHORE, ESQ.
                              ANDREW E. TOMBACK, ESQ.
                              ERIN SMITH, ESQ.
                              COLIN WEST, ESQ.
                         1155 Avenue of the Americas
                         New York, NY  10036-2787
                         (212) 819-8394

APPEARANCES CONTINUED.

Audio Operator:          Shea, ECRO

Transcription Company:   Access Transcripts, LLC
                         517 Dell Road
                         Landing, NJ  07850
                         (855) 873-2223
                         www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

15-50824-jpm Doc 10223 Filed 11/16/23 Entered 11/16/23 15:09:44 Main Document
(Excerpt of November 10, 2016 Hearing Transcript) Pg 3 of 5

3

```
 1        (Proceedings commence at 11:20 a.m.)
 2             THE COURT:  -- Credit One Bank.
 3             You all can sit down.  I'm sorry.
 4             UNIDENTIFIED:  Thank you, Your Honor.
 5             THE COURT:  Someone's getting them, right?
 6             UNIDENTIFIED:  Yeah.
 7             THE COURT:  Okay.
 8             MR. SHORE:  I'm sorry, Your Honor.  We didn't realize
 9   you were --
10             THE COURT:  It's okay.  It was a shorter ruling than
11   you may have expected.
12             MR. SHORE:  I'm sorry?
13             THE COURT:  My last matter was a shorter ruling than
14   you may have expected, so you were still in the hall.
15             Okay.  I know some of you.  I don't know all of you,
16   so you're free to introduce yourselves if you want.
17             MR. SHORE:  Chris Shore from White & Case on behalf
18   of Credit One Bank.  With me is my partner, Andy Tomback.  The
19   Blank Rome people will introduce themselves.  David Bouc, the
20   general counsel of Credit One Bank, is here.  In the back, I
21   have Erin Smith and Colin West, who are my discovery team.
22             THE COURT:  Okay.  Good morning.
23             MR. SHORE:  Good morning.
24             MR. BRESSLER:  Ken Bressler, Your Honor, from Blank
25   Rome for the Sherman entities, along with Jonathan Robbin.
```

15-08284-jpm Doc 1023 Filed 11/16/23 Entered 11/16/23 15:09:44 Main Document
(Excerpt of November 10, 2016 Hearing Transcript)    Pg 4 of 5

4

```
 1              THE COURT:  Right.  Okay.
 2              All right.  And Mr. Carpinello?
 3              MR. CARPINELLO:  George Carpinello, Boies, Schiller &
 4   Flexner; Adam Shaw, Boies, Schiller & Flexner; Chuck Juntikka.
 5              MR. JUNTIKKA:  You know, Your Honor.
 6              THE COURT:  Okay.  Good morning.
 7              I've scheduled this as a case conference as opposed
 8   to anything else, largely because of the correspondence I had
 9   received, including and starting with the appearance of new
10   counsel for Credit One.  And I want to give you my thinking on
11   this matter, some of which is firm, but I want to hear from the
12   parties as to where to proceed with next steps.
13              I have concluded, based on the post-trial briefing,
14   that the appropriate sanction here is a default judgment on the
15   merits, but not with respect to class certification or damages.
16   I don't really want to hear parties argue about that.  I didn't
17   really contemplate further oral argument, having received the
18   briefs which made their points, and in particular, in light of
19   corroboration of how I was looking at Mr. Carpinello's request
20   for additional discovery and the response, which corroborated
21   my views on it, from White & Case, which is that the issue of
22   what Credit One knew or didn't know or the extent of what it
23   didn't know about what was going on with regard to the document
24   response wasn't really why the point was raised in the post-
25   hearing briefing.  So I don't think that discovery is necessary
```

15-08214-jpm Doc 10223 Filed 11/16/15 Entered 11/16/15 13:09:44 Main Document (Excerpt of November 10, 2015 Hearing Transcript) Pg 5 of 5

5

1 or really warranted. I think it's kind of a blind alley.

2 Frankly, the issue on the merits is a -- as <u>Collier</u>
3 says, it's not a very difficult burden to get over that the
4 credit reporting disclosures were done intentionally or with
5 the purpose of thwarting the discharge. I hadn't gotten to the
6 place where I concluded that that was -- that burden was
7 carried simply by the extent and degree to which a credit
8 reporter actually opposed the relief or the request for relief,
9 but I think given the nature of the discovery abuses combined
10 with the allegations in the complaint, a default's warranted
11 here, again on the merits.

12 That does leave issues remaining in the case,
13 obviously. I don't believe that -- I think the law is clear on
14 this, that that default should extend to the class
15 certification point -- and certainly not the damages. I
16 haven't established damages.

17 So if the class is certified, then that's it. I
18 mean, I don't need to hear the merits as to the breach of a
19 discharge. So I think the parties should be focusing on
20 discovery related to the class, and if you want to bifurcate it
21 still, you can, or discovery can also at that point deal with
22 damages.

23 Other parties in the similar class actions that had
24 been brought by these plaintiffs have engaged in settlement
25 discussions about damages, and frankly, I noted very clearly