**WHITE & CASE**

August 29, 2024

**VIA ECF**

Hon. John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

Re:   *Anderson v. Credit One Bank, N.A.,* Adv. Proc. No. 15-08214-jpm

Dear Judge Mastando:

We write on behalf of Defendant Credit One Bank, N.A. in response to Plaintiff's letter dated August 23, 2024 [Docket No. 239] ("**Pl.'s Letter**"). Plaintiff mischaracterizes Credit One's August 21 letter as merely additional argument that could have been made in the briefing and therefore an "unauthorized sur-reply." Pl.'s Letter at 3. To the contrary, Defendant's letter responded directly to arguments made for the first time by Plaintiff's counsel at the July 24, 2024 oral argument. Namely, at oral argument, Plaintiff's counsel for the first time definitively argued that the relevant distinction between Plaintiff's existing claim and the proposed new claim is that the latter seeks to enforce a statute (Section 524), rather than court orders. In briefing these issues, Plaintiff's position was unclear, as Plaintiff's briefs suggested that the relevant distinction was that the new claim was declaratory in nature,[1] and Credit One was left to guess at Plaintiff's real argument.[2] Plaintiff's counsel also definitively argued for the first time at the July 24 argument that the Second Circuit's *Bruce* decision did not implicate the enforcement of Section 524. As Credit One pointed out in its August 21 letter, both statements directly contradict earlier arguments made by Plaintiff's counsel. Plaintiff's August 23 letter in response tellingly fails to address those clear contradictions.

Rather than actually address these earlier contradictory positions, which were the focus of Credit One's letter, Plaintiff's letter simply revisits the case law. But in doing so, Plaintiff only exposes the fatal flaw in his own position. Plaintiff quotes the Second Circuit's decision in this case, purportedly to support his argument that the Second Circuit was only addressing a claim to enforce court orders, not a statute. Pl.'s Letter at 3. In fact, this quotation, like the broader holding,

---

[1] *See, e.g.*, Mem. of Law in Opp'n to Def.'s Mot. to Decertify the Class at 9, ECF No. 220 ("A declaratory judgment, in contrast, does not seek a determination of contempt, but merely seeks a legal ruling that Credit One's uniform conduct that it applied to the class constituted an attempt to collect on discharged debts.").

[2] *See* Reply Mem. of Law in Supp. of Def.'s Mot. to Decertify the Damages Class and Subclass at 5, ECF No. 229 ("Plaintiff makes no serious attempt to articulate any relevant distinction between his existing claim and his new proposed claim such that the latter could avoid the impact of *Bruce* and be pursued on a classwide basis, but instead only hints at two possible theories . . . .").

**WHITE & CASE**

Hon. John P. Mastando III
August 29, 2024

supports *Credit One's* position, considering that the claim being discussed was Plaintiff's sole cause of action for "Failure to Abide By the Injunction *Contained in § 524(a)(2).*"  Compl. at 17, ECF No. 1 (emphasis added).  The Second Circuit's determination that this nominally statutory claim actually seeks to enforce court-issued injunctions clearly reflects that the Second Circuit agreed with Plaintiff's argument that his claim for a "violation of the discharge injunction found in 11 U.S.C. §524…seeks to enforce the injunctions of bankruptcy courts."[3]  Plaintiff's new argument that a claim for violating Section 524 does *not* seek to enforce a court order is simply incompatible with his prior argument to the Second Circuit in this case and the Second Circuit's opinion adopting such argument.

Respectfully submitted,

*/s/ Colin T. West*
**Colin T. West**
Partner

T +1 212 819 7977
E cwest@whitecase.com

CC: All counsel of record.

---

[3] Br. of Pl.-Appellee Orrin S. Anderson at 21-22, *Anderson v. Credit One Bank, N.A.*, No. 16-2496 (2d Cir. Feb. 21 2017).

2