**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NOT FOR PUBLICATION

---------------------------------------------------------x

In re Orinn S. Anderson,

Debtor.

Chapter 7

Case No.: 14-22147 (JPM)

---------------------------------------------------------x

Orinn S. Anderson, *on behalf of himself and all others similarly situated*,

Plaintiffs,

– v –

Credit One Bank, N.A.,

Defendant.

Adv. Pro. No. 15-8214 (JPM)

---------------------------------------------------------x

**MEMORANDUM OPINION & ORDER**

***A P E A R A N C E S:***

**BOIES SCHILLER FLEXNER LLP**
*Counsel for Orinn S. Anderson*
30 South Pearl Street, 11th Floor
Albany, New York 12207
By: George F. Carpinello
Adam R. Shaw
Jeffrey S. Shelly

**CHARLES JUNTIKKA & ASSOCIATES LLP**
*Counsel for Orinn S. Anderson*
1250 Broadway, 24th Floor
New York, New York 10001
By: Charles W. Juntikka

**WHITE & CASE LLP**
*Counsel for Credit One, N.A.*
1221 Avenue of the Americas
New York, New York 10020
By: Colin T. West
Erin M. Smith
Camille M. Shepard

**MCLAUGHLIN & STERN, LLP**
*Counsel for Credit One, N.A.*
260 Madison Avenue
New York, New York 10016
By: Andrew E. Tomback

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**[1]

## I. INTRODUCTION

This is an adversary proceeding (the "**Adversary Proceeding**") arising in the bankruptcy case *In re: Orinn S. Anderson,* Case No. 14-22147 (January 31, 2014).

Before the Court is C*redit One's Motion for Entry of Stay Pending Appeal* (the "**Stay Appeal Motion**") [Dkt. No. 288] filed by Credit One Bank, N.A. (the "**Defendant**") on November 12, 2025. On April 4, 2025 the Plaintiff and Debtor in this case, Orinn S. Anderson (the "**Plaintiff**") filed the *Second Amended Class Action Adversary Complaint* (the "**Second Amended Class Action Adversary Complaint**") [Dkt. No. 243]. In the Stay Appeal Motion, the Defendant requests that all proceedings in the Adversary Proceeding related to the new declaratory judgment claim found in Count I of the Second Amended Class Action Adversary Complaint be stayed. The Defendant requests that the stay apply during the pendency of the Defendant's appeal of the *Memorandum Opinion and Order* entered by the Court on September 29, 2025 (the "**September 29, 2025 Order**") [Dkt. No. 283], which denied *Defendant's Motion to Compel Arbitration, Dismiss the Second Amended Complaint, Strike Class Allegations, Decertify Class, and Vacate Default Judgment* (the "**Defendant's Motion to Compel Arbitration**") [Dkt. No. 245].

In response, the Plaintiff filed the *Plaintiff's Memorandum of Law in Opposition to Credit One's Motion for a Stay Pending Appeal* (the "**Objection to Stay Appeal Motion**") [Dkt. No. 289] on December 3, 2025.

---

[1] Unless otherwise specified, references to "[Dkt. No. ___]" are to filings entered in the adversary proceeding *Orinn S. Anderson, on behalf of himself and all others similarly situated v. Credit One Bank., N.A.*, Case No. 15-8214 (January 30, 2015). References to "[Case No. 14-22147, Dkt. No.. __] are to filings entered in the bankruptcy case *In re: Orinn S. Anderson,* Case No. 14-22147 (January 31, 2014). References to "Bankruptcy Code § __ or Code § __" are to Title 11 of the United States Code. References to "Bankruptcy Rule __" are to the Federal Rules of Bankruptcy Procedure. References to "Local Rule __" are to the Local Bankruptcy Rules for the Southern District of New York.

On January 6, 2026, the Defendant filed *Credit One's Reply in Support of Its Motion for the Entry of a Stay Pending Appeal* (the "**Reply**") [Dkt. No. 291].

A hearing was held on the Stay Appeal Motion on January 9, 2026 (the "**January 9, 2026 Hearing**") [Dkt. No. 292].

For the reasons set forth below, the Stay Appeal Motion filed by the Defendant is **GRANTED**.

## II. PROCEDURAL HISTORY AND BACKGROUND

### a. The Adversary Proceeding

On January 31, 2014, the Plaintiff filed a voluntary petition for Chapter 7 bankruptcy relief. [Case No. 14-22147, Dkt. No. 1]. On January 30, 2015, the Plaintiff in this adversary proceeding filed the *Amended Class Action Adversary Complaint* (the "**Plaintiff's Complaint**") [Case No. 15-08214, Dkt. No. 1] wherein the Plaintiff raised a single cause of action titled "Failure to Abide by the Injunction Contained in § 524(a)(2)." [Plaintiff's Complaint]. The Plaintiff's Complaint claimed that Defendant maintains a "policy of refusing to update the bankruptcy status of discharged accounts [that] constitutes willful acts to collect discharged debts." [Plaintiff's Complaint, p. 3-4]. The Plaintiff requested that the Defendant's credit reporting practices "be declared to be in violation of the rights of [the] Plaintiff and Class Members under the Bankruptcy Code and a contempt of the statutory injunction set forth in § 524(a)(2)" and that the Defendant "be held in contempt of court for [its] willful violation of the injunction set forth in § 524(a)(2)." [*Id.*, p. 17-18]. During this time the Plaintiff also commenced "five nearly identical class actions in the Bankruptcy Court against Capital One, Chase, Citibank, Bank of America, and GE Consumer Lending (n/k/a Synchrony)." [Dkt. No. 109-1, p. 2].

On March 3, 2015, the Defendant filed the *Motions to Compel Arbitration, to Strike Class Allegations, and to Dismiss or Stay* (the "**March Motions**") [Dkt. No. 7], which asserted arguments related to the Plaintiff's claim for contempt. [Motion to Compel Arbitration, p. 1-2]. This Court largely denied the March Motions in the *Order on Defendants' Motions to Compel Arbitration, to Strike Class Allegations, and to Dismiss or Stay* (the "**Dismissal Order**") [Dkt. No. 15]. [Dkt. No. 16]. The Court held that the "Federal Arbitration Act did not mandate the arbitration of [the] Plaintiff's contempt claim." [Dkt. No. 15, p. 48-50]. The Defendant appealed the Dismissal Order to the District Court, which later affirmed the decision. [*See generally* Dkt. No. 72]. The Defendant then appealed the District Court decision to the Second Circuit. [Dkt. No. 52]. Ultimately, the Second Circuit affirmed the District Court decision and found that this Court "did not abuse its discretion by denying [Defendant's] motion to compel arbitration in this case." *In re Anderson*, 884 F.3d 382, 388-392 (2d Cir. 2018), *cert. denied*, 139 S.Ct. 144 (2018).

Citibank—one of the other parties in the various class actions filed by the Plaintiff "also moved to compel arbitration of the identical claim against it and [similarly] appealed the denial of that motion to the Second Circuit." [Stay Appeal Motion, p. 7] (*see Belton v. GE Cap. Retail Bank* (*In re Belton*), 961 F.3d 612, 614 (2d Cir. 2020). Citibank's appeal before the Second Circuit occurred after the Defendant's appeal, and the "Second Circuit relied on its earlier reasoning in this case in affirming the denial of [the Defendant's] motion to compel arbitration." [Stay Appeal Motion, p. 7] (citing *In re Belton*, 961 F.3d at 615-17). The Second Circuit stated that

> permitting a bankruptcy court to adjudicate compliance with another court's order appears to be in severe tension with Anderson's reasoning. In particular, *Anderson* found that the Code displaced the Arbitration Act, in part, because contempt proceedings involve considerations that the issuing court is uniquely positioned to assess. [*In re Anderson*, 884 F.3d at 390-91]. It seems to us that this rationale is anathema to a nationwide class action.

*In re Belton*, 961 F.3d at 617 (emphasis in the original).

Following the Second Circuit's affirmation, in *In re Belton*, Citibank moved to "strike the class allegations of the complaint." [Stay Appeal Motion, p. 8]. The Bankruptcy Court denied the motion and Citibank filed an interlocutory appeal and direct certification to the Second Circuit. [*Id.*]. On August 2, 2023, the Second Circuit issued its opinion and reversed the Bankruptcy Court's denial of Citibank's attempt to strike the class allegations in the complaint. [Stay Appeal Motion, p. 8]; *Bruce v. Citigroup Inc*. 75 F.4th 297, 302 (2d Cir. 2023).

In the March 28, 2025 Order, this Court permitted the Plaintiff to amend the complaint to proceed with a new declaratory judgment claim pursuant to 28 U.S.C. §§ 2201 and 2202 and stated that the claim may be asserted for a violation of the Section 524(a)(2) injunction. [March 28, 2025 Order, p. 140]. On April 4, 2025, the Plaintiff filed the Second Amended Class Action Adversary Complaint. [*See generally* Second Amended Class Action Adversary Complaint, Dkt. No. 243]. The Second Amended Class Action Adversary Complaint contains two causes of action: (1) *Declaratory, Injunctive, Monetary and Restitutionary Relief (On Behalf of Plaintiff and All Class Members)* (the "**New Declaratory Judgment Claim**" or "**Count I**") and (2) *Failure to Abide By the Injunction Contained in § 524(a)(2) (On Behalf of Plaintiff)* (the "**Plaintiff's Individual Claim**" or "**Count II**"). [Second Amended Class Action Adversary Complaint, p. 17-18].

In response to the March 28, 2025 Order, the Defendant filed the *Defendant's Motion for Reconsideration* (the "**Reconsideration Motion**") [Dkt. No. 244] on April 11, 2025. On April 18, 2025, the Defendant filed a new *Motion to Compel Arbitration, Dismiss, Strike, Decertify and Vacate the Default Judgment* (the "**Motion to Compel Arbitration or Dismiss**") [Dkt. No. 245] in response to the Second Amended Class Action Adversary Complaint. [*See generally* Motion to Compel Arbitration or Dismiss]. The Court then denied both the Reconsideration Motion and the

Motion to Compel Arbitration or Dismiss in the September 29, 2025 Order. [*See generally* September 29, 2025 Order, Dkt. No. 283].

The Defendant filed the Stay Appeal Motion on November 12, 2025. [Stay Appeal Motion]. The Stay Appeal Motion seeks to stay the proceedings relating to the New Declaratory Judgment Claim while the Defendant "exercises its statutory right to an interlocutory appeal of the Court's September 29, 2025 order denying Credit One's motion to compel arbitration." [*Id.*, p. 6].

On December 3, 2025 the Plaintiff filed the Objection to the Stay Appeal Motion. [Objection to the Stay Appeal Motion]. The Defendant filed the Reply on January 6, 2026. [Reply]. On January 9, 2026 the Court held a hearing on the Stay Appeal Motion.

**b. <u>The Parties' Positions</u>**

In the Stay Appeal Motion, the Defendant requests this Court impose a "stay of proceedings related to the [New Declaratory Judgment Claim]," while the Defendant's appeal of the September 29, 2025 Order is pending. [Stay Appeal Motion, p. 1; Dkt. No. 292, p. 4].; *see* 9 U.S.C. § 16(a); *see* Fed. R. Bankr. 8007(a)(1). Defendant requests implementation of the stay pursuant to 9 U.S.C. § 16(a) and Rule 8007 of the Federal Rules of Bankruptcy Procedure. [*Id.*]; *see* 9 U.S.C. § 16(a); *see* Fed. R. Bankr. 8007(a)(1). The Defendant argues that this current appeal relates to a "new and legally distinct claim" that was "not before the Second Circuit" in *In re Anderson*, 884 F.3d 382 (2d Cir. 2018). [Dkt. No. 292, p. 8].

The Defendant bases much of its argument on Section 16(a) of the Federal Arbitration Act ("FAA"), which states that "where a motion to compel arbitration is denied, an interlocutory appeal of that denial may be taken as of right." [Stay Appeal Motion, p. 10] (*citing* FAA § 16(a)(1)(C)). The Defendant asserts that this position is supported by Supreme Court decision in *Coinbase, Inc. v. Bielski*, which the Defendant states "require[s] [an] 'automatic' stay of all proceedings before

the trial court relating to aspects of the case that are 'involved in the appeal.'" [Stay Appeal Motion, p. 10-11] (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744-45 (2023)).

In the Objection to the Stay Appeal Motion, the Plaintiff first argues that because the underlying appeal is frivolous, the proceeding should not be stayed. [Objection to Stay Relief Motion, p. 5]. Citing to *Coinbase, Inc. v. Bielski*, the Plaintiff states that "although generally a court must stay a proceeding on the appeal of a motion denying a motion to compel arbitration, such a stay is not necessary where the appeal is certified as frivolous." [*Id*., p. 7]; *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 744-45 (2023).

The Plaintiff argues that "this ten-year old proceeding has been continuously delayed by [the Defendant's] numerous meritless motions and appeals" and that the Defendant's Stay Appeal Motion will "compound that unnecessary delay …. by bringing its second appeal seeking arbitration of Plaintiff's claims even though [the Defendant] has already appealed this Court's previous denial of [the Defendant's Motion to Compel Arbitration]." [*Id*., p. 5]. The Plaintiff argues that the "District Court and the Second Circuit [have] expressly rejected" the Defendant's attempt to compel arbitration and that the new appeal has already defaulted on the merits. The Plaintiff asserts that "a number of courts in this circuit have held that, upon certification that an appeal is frivolous, the court need not stay its proceedings pending the frivolous appeal." [*Id*., p. 7] (citing *Hitachi Constr. March. Co. v. Weld Holdco, LLC*, No. 23-CV-490 (NRB), 2024 WL 263229, at *1 n.1 (S.D.N.Y. Jan. 23, 2024)).

Next, the Plaintiff argues that "the mandatory stay only applies to the matters that might be [potentially] before the arbitrator." [*Id*.]. The Plaintiff asserts that while there is nothing for the arbitrator to decide since the Defendant has defaulted on the merits, if the Court is inclined to grant the Stay Appeal Motion, then the Court should not stay matters unrelated to the arbitration

appeal. [*Id.*]. The Plaintiff argues that the Defendant "is not likely to succeed on the merits; it will suffer no irreparable injury in the absence of a stay; and a stay would further prolong this action." [Objection to Stay Appeal Motion, p. 12]. Lastly, the Plaintiff argues that even if the Court stays the matters related to the New Declaratory Judgment Claim, the Court should not stay proceedings of "other collateral issues, and in particular, this Court's determination of whether [the Defendant] and its counsel engaged in a fraud of the Court; the remedies [the Plaintiff] is entitled to; and the determination of attorney's fees due to date." [*Id.*, p. 6].

In the Reply, the Defendant argues that the Plaintiff misunderstands the purpose of the Stay Appeal Motion. [Reply, p. 19]. The Defendant states that the Defendant is "not seeking a stay of proceedings related to Count II—[the Plaintiff's Individual Claim]." [*Id.*]. The Defendant argues that the "only remaining proceedings associated with the [Plaintiff's Individual Claim] are individual damages and a potential award of attorney's fees." [*Id.* p. 18]. The Defendant argues that "any proceedings relating to a fee award for the New Declaratory Judgment Claim … must be stayed pending the appeal." [*Id.*].

## III. <u>LEGAL STANDARD</u>

Federal Rule of Bankruptcy Procedure 8007 governs requests for a stay pending appeal. Rule 8007(a)(1) provides that, "[o]ordinarily, a party must move first in the bankruptcy court" for "a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Fed. R. Bankr. P. 8007(a)(1)(A). If relief is first sought in the bankruptcy court and denied, or if "moving first in the bankruptcy court would be impracticable," the movant may seek relief in the district court, bankruptcy appellate panel, or court of appeals where the appeal is pending. See Fed. R. Bankr. P. 8007(b).

In determining whether to grant a stay pending appeal, courts apply the four-factor test articulated by the Supreme Court in *Nken v. Holder*, 556 U.S. 418 (2009). Those factors are: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceedings"; and (4) "where the public interest lies." *Id*. at 426 (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); s*ee also Radiance Capital Receivables Twelve LLC v. Campbell*, No. 23-35668 (KYP), 2026 WL 1540685, at *3 (Bankr. S.D.N.Y. June 1, 2026) (citing *In re Adelphia Commc'ns Corp*., 361 B.R. 337, 346 (S.D.N.Y. 2007)).

While no single factor is dispositive, the Supreme Court has held the likelihood of success on the merits and irreparable injury are the "most critical" factors. *See Nken*, 556 U.S. at 434. "The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court." *In re Broadway Realty I Co., LLC*, 677 B.R. 786, 806 (Bankr. S.D.N.Y. 2026). Stays pending appeal under Rule 8007 "are the exception, not the rule, and are granted only in limited circumstances." *See In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG), 2022 WL 2657345, at *4 (Bankr. S.D.N.Y. July 8, 2022) (quoting *In re Brown*, No. 18-10617, 2020 WL 3264057, at *5 (Bankr. S.D.N.Y. June 10, 2020)). The party seeking a stay pending appeal therefore "carries a heavy burden." *Id*. (quoting *In re Adelphia Commc'ns Corp*., 333 B.R. 649, 659 (S.D.N.Y. 2005)).

## IV. <u>DISCUSSION</u>

### a. <u>Defendant's Appeal is Not "So Baseless" to Warrant a Certification that the Stay Appeal Motion is Frivolous</u>

The Plaintiff's core argument against the Stay Appeal Motion is that the Defendant's appeal of the September 25, 2025 Order is "frivolous because [the Defendant] has already

defaulted on the merits." [Opposition to Stay Appeal Motion, p. 5]. In support of this assertion, the Plaintiff argues that in "*Coinbase*, the Supreme Court held that, although generally a court must stay a proceeding on the appeal of a motion denying a motion to compel arbitration, such a stay is not necessary where the appeal is certified as frivolous." [*Id.*, p. 7] (citing *In re Coinbase*, 599 U.S.C. at 744-45). The Plaintiff argues that this "appeal is brought solely for purposes of delay and [thus] is frivolous." [*Id.*, p. 9].

While the Court acknowledges the Plaintiff's assertions regarding the length of time this case has been litigated, the Court does not find that the Defendant's appeal of the September 29, 2025 Order rises to the necessary level of frivolousness needed to the deny the Stay Appeal Motion. In order for a Court to make a determination that an appeal is truly frivolous, the "appeal must be 'so baseless that it does not invoke appellate jurisdiction,' such as when 'the disposition is so plainly correct that nothing can be said on the other side.'" [Reply, p. 12] (citing *Apolstol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989). In *Hitachi Constr. March. Co. v. Weld Holdco, LLC*, the Court stated that the "standard for certifying a frivolous appeal is particularly stringent." *Hitachi Constr. March. Co. v. Weld Holdco, LLC*, No. 23-CV-490 (NRB), 2024 WL 263229, at *1 n.1 (S.D.N.Y. Bankr. Jan. 23, 2024).

The Court finds that the Stay Appeal Motion and the Defendant's arguments are not "so baseless" as to warrant a finding of frivolousness.

**b. <u>The Stay Appeal Motion Satisfies the Standard for Application of A Stay Pending Appeal Pursuant to Rule 8007</u>**

Since the Court has determined the Stay Appeal Motion does not warrant denial because it is frivolous, the Court will analyze whether the Stay Appeal Motion should be granted pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 8007.

When analyzing the arguments for a stay pending appeal of the September 29, 2025 Order, the Court finds that the four-factor analysis weighs sufficiently in favor of granting the Stay Appeal Motion. The four-factor test under *Nken* requires the Court to consider: (1) the likelihood of success on the merits of the appeal; (2) whether the applicant would be irreparably injured absent a stay being implemented; (3) whether issuing a stay would cause injury to the other party; and (4) which determination would best serve public interest considerations. *Nken*, 556 U.S. at 418.

**1. <u>First Factor: Likelihood of Success</u>**

The Plaintiff argues that the issues the Defendants have sought appeal of concern claims that have already been previously litigated and determined against the Defendants. [Dkt. No. 292, p. 16]. The Plaintiff's Second Amended Class Action Adversary Complaint and New Declaratory Judgment Claim seek to proceed with a nationwide class action based on the legal theory that "Defendant's are in violation of [11 U.S.C. § 524] by attempting to collect on a discharged debt." [Stay Appeal Motion, p. 9]. This Court held in the September 29, 2025 Order, which denied the Defendant's Motion to Compel Arbitration, that the Plaintiff had in fact stated such a statutory claim, which was distinct from the Plaintiff's original claim for contempt. [*see* September 29, 2025 Order]. Although the Court believes that Defendant is not likely to succeed on the merits of the appeal, the Court finds that the first factor of the *Nken* test is neutral overall.

**2. <u>Second and Third Factors: Irreparable Harm and Injury</u>**

The Court finds that the second and third *Nken* factors—(2) "whether the applicant will be irreparably injured absent stay;" and (3) "whether issuance of the stay will substantially injure the other parties interested in the proceedings"—weigh slightly in favor of the granting the stay pending appeal. *Nken*, 556 U.S. at 418. As both parties acknowledge, this case has been litigated for over ten years and has required the investment of significant time and resources. If the Court

were to deny the stay pending appeal and allow prosecution of the New Declaratory Judgment Claim or the Plaintiff's Individual Claim, it may cause inefficiencies for the parties and the Court and could potentially lead to unnecessary litigation or matters that would need to be relitigated. The Court finds that the Defendant would be irreparably harmed if the case proceeded before the appeal has been resolved. The Court also finds that the Plaintiff will not be substantially injured by the granting of a stay.

**3. Fourth Factor: Public Interest**

The Court also finds that the fourth *Nken* factor concerning "where the public interest lies" weighs slightly in favor of granting a stay pending appeal. In general, "[c]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings." *LATAM Airlines*, 2022 WL 2657345, at *11; *see also In re GOL Linhas Aereas Inteligentes S.A.*, No. 25-CV-4610 (DLC), 2025 WL 1591830, at *6 (S.D.N.Y. June 5, 2025). However, the judicial system has a strong interest in preserving the "enforceability and finality of a [court] order." *29 Main St. LLC v. United States Postal Serv.*, No. 3:19-CV-2003 (SRU), 2022 WL 2374132, at *4 (D. Conn. Apr. 22, 2022) (citing *Found. Capital Res., Inc. v. Prayer Tabernacle Church of Love, Inc.*, No. 3:17-CV-00135 (JAM), 2021 WL 4901654, at *5 (D. Conn. Oct. 21, 2021)); *see also United States Sec. & Exch. Comm'n v. Mango Labs, LLC*, No. 1:24-CV-07334 (JLR), 2026 WL 161024, at *2 (S.D.N.Y. Jan. 21, 2026) (quoting *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977)) ("The 'finality of judgments' is '[v]ery high among the interests' of the judicial system."); *In re Eletson Holdings Inc.*, No. 23-10322 (JPM), 2025 WL 726248, at *12 (Bankr. S.D.N.Y. Mar. 6, 2025).

However, given the lengthy nature of this case, the Court finds that there is a considerable public policy interest in ensuring that the litigation proceeds efficiently. The Court finds that

implementing the stay while the appeal is pending may assist with conserving both the parties' and the Court's resources. Concerns of judicial economy and investment of court resources in proceedings also weigh in favor of granting the stay. *Sutherland v. Ernst & Young LLP*, 856 F.Supp.2d 638, 644 (2012) (Finding that concerns regarding judicial economy favor granting a stay "since the appellate resolution of the arbitration issue may be dispositive of the case."). Additionally, the Court disagrees with the Plaintiff's argument that the Court should nonetheless proceed with the Plaintiff's Individual Claim even if the stay pending appeal is granted regarding the New Declaratory Judgment Claim. The Court finds that allowing the claims to proceed together will affirmatively allow for a more efficient and effective use of resources.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the first *Nken* factor is neutral and that the second, third, and fourth *Nken* factors weigh slightly in favor of granting the stay pending the appeal. Thus, having considered the record, the parties' arguments, the efficient administration of the case, and the totality of the circumstances, the Court finds that relief under Rule 8007 is warranted.

For the reasons set forth above, the Court finds that the Defendant's Stay Appeal Motion should be **GRANTED**.

**IT IS SO ORDERED**.

Dated: September 29, 2026
New York, New York

//s// John P. Mastando III
Honorable John P. Mastando III
United States Bankruptcy Judge